■ FRANCES LUCASH et al., Respondents, v. HENRY SHIELDS et al., Doing Business under the Name of SHIELDS & MEYERS, Appellants.— In an action to recover damages because of the alleged malpractice of the defendants (who were plaintiffs' former attorneys), the defendants appeal, as limited by their brief, from so much of an order and of a resettled order of the Supreme Court, Kings County, dated respectively September 5, 1962 and December 4, 1962, as granted plaintiffs' motion to strike out as patently insufficient, pursuant to the Rules of Civil Practice (rule 109, subd. 6), defendants' defense that plaintiffs' causes of action "are barred by the applicable Statute of Limitations in that the causes were not commenced within the applicable period prescribed by law." Appeal from original order of September 5, 1962 dismissed, without costs as academic. That order was superseded by the subsequent resettled order. Resettled order modified by adding to the second decretal paragraph a provision granting leave to the defendants to serve an amended answer pleading properly the defense of the specific Statute of Limitations claimed to be applicable. As so modified, resettled order, insofar as appealed from, affirmed, without costs. Defendants' time to serve the amended answer is extended until 20 days after entry of the order hereon. As presently pleaded, the defense of

the Statute of Limitations is insufficient. Proper pleading requires that the prescribed period or periods of limitation upon which a party relies should be expressly stated (2 Carmody-Wait, New York Practice, § 208, p. 378; cf. *Lindlots Realty Corp.* v. *County of Suffolk*, 251 App. Div. 340). Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.