■ WAYNE BLASI et al., Appellants, v MARINE MIDLAND BANK OF SOUTHEASTERN NEW YORK, N. A., Respondent.—In an action to recover damages on the theory that defendants enabled trustees to waste the assets of a trust, the appeal is from an order of the Supreme Court, Queens County, dated July 8, 1977, which denied plaintiffs' motion pursuant to CPLR 3133 to strike certain interrogatories. Order reversed, with $50 costs and disbursements, motion granted and interrogatories stricken, without prejudice to the propounding of proper interrogatories by defendant. The interrogatories, consisting of 49 pages, are unduly prolix, vexatious and unreasonably oppressive. Rather than burden this court by making a piecemeal determination of which interrogatories are material and necessary pursuant to CPLR 3101, the proper remedy is a vacatur of the entire demand (see *Heimowitz v Handler, Kleiman, Sukenik & Segal, P. C.,* 51 AD2d 702). Although, in order to reduce delay, we encourage a liberal disclosure of facts bearing on the controversy which will assist a litigant in the preparation for trial, the interrogatories posed by the defendant did not satisfy or meet such needs (see *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). Hopkins, J. P., Latham, Cohalan and Damiani, JJ., concur.

■ JOHN J. CUDDIHY, Appellant, v DONALD FRANK et al., Respondents.—In an action to recover damages for medical malpractice, plaintiff appeals from an order of the Supreme Court, Richmond County, dated September 8, 1976, which (1) denied his motion to dismiss the affirmative defense of Statute of Limitations contained in the answer of defendant Frank and (2) granted the cross motion of defendant Doctors Hospital to amend its answer to include the defense of Statute of Limitations. Order modified by deleting from the first decretal paragraph thereof the word "denied" and substituting therefor the following: "granted, with leave to defendant Frank to serve an amended answer properly pleading the defense of the specific Statute of Limitations claimed to be applicable". As so modified, order affirmed, without costs or disbursements. The time within which defendant Frank may serve the amended answer is extended until 20 days after entry of the order to be made hereon. As presently pleaded the defense of Statute of Limitations by defendant Frank is insufficient since it does not state the prescribed period or periods of limitation upon which he relies (see *Lucash v Shields,* 19 AD2d 793). We have considered plaintiff's other contentions and find them to be without merit (see *Proewig v Zaino,* 57 AD2d 892; *Randall v Weber,* 45 AD2d 731). Hopkins, J. P., Latham, Cohalan and Damiani, JJ., concur.

■ DANLEIGH INSULATION AND SUPPLY CORP., Respondent, v MALLUZZO CONSTRUCTION CO., INC., et al., Appellants, et al., Defendant.—In an action to foreclose a mechanic's lien, defendants Malluzzo Construction Co., Inc., Coach 'N Four Manor, Inc., and the Aetna Casualty and Surety Company appeal from a judgment of the Supreme Court, Westchester County, dated February 23, 1977, which, after a nonjury trial, is in favor of plaintiff. Judgment affirmed, with costs, on the opinion of Mr. Justice Ruskin at Special Term. Margett, J. P., Damiani, Shapiro and Titone, JJ., concur.