■ CRISTOBAL CARDONA et al., Respondents, v SOUTH BEND LATHE COMPANY et al., Appellants, and A. C. COLBY MACHINERY Co., INC., Defendant and Third-Party Plaintiff. ALL-O-MATIC INDUSTRIES, Third-Party Defendant. (And Another Action.)—In a personal injury action, defendants South Bend Lathe Company, South Bend Lathe Industries and Amsted Industries, Inc., appeal from an order of the Supreme Court, Queens County, dated May 16, 1979, which granted plaintiffs' motion to strike their interrogatories. Order modified by adding a provision thereto providing that the appellants may submit a new demand for interrogatories. As so modified, order affirmed, without costs or disbursements. Special Term was incorrect in its statement that interrogatories would not be available as to the strict products liability cause of action because the underlying cause of action sounds in tort. Pursuant to CPLR 3130, interrogatories are not available in personal injury actions to recover damages for negligence or wrongful death. These exclusions have been strictly construed by the Court of Appeals and should not be expanded *(Allen v Minskoff,* 38 NY2d 506). Strict products liability is not a theory of recovery in negligence. Although both sound in tort, strict

products liability has been established as an independent cause of action (cf. *Martin v Dierck Equip. Co.,* 43 NY2d 583). It can be proven without showing negligence on the part of the manufacturer *(Codling v Paglia,* 32 NY2d 330). Therefore, constraints on discovery intended for negligence causes of action should not be imported into strict products liability causes of action. However, Special Term was correct in its finding that the interrogatories in the instant case were unduly burdensome and oppressive. The approximately 70 questions replete with subparts far exceed what is appropriate in this case. Nor was Special Term required to prune the interrogatories on behalf of the appellants (see *Blasi v Marine Midland Bank of Southeastern N. Y., N. A.,* 59 AD2d 932). Since interrogatories are appropriate with respect to a strict products liability cause of action appellants should be allowed to submit a new demand. Titone, J. P., Cohalan, Martuscello and Gibbons, JJ., concur.