■ GERALD J. BENTIVEGNA, Appellant, v MEENAN OIL Co., INC., et al., Respondents.—In an action to obtain the payment

of certain moneys allegedly due from the defendant Meenan Oil Co., Inc., pursuant to its "Management Incentive Compensation System", the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Meade, J.), dated April 22, 1985, which granted the defendants' motion to dismiss the entire complaint against the defendants William F. Kenny, III, Stanley R. Orczyk and Paul A. Vermylen, Jr. (hereinafter the individual defendants), and to dismiss the third cause of action asserted therein against the defendant Meenan Oil Co., Inc. (hereinafter the corporate defendant), and (2) as limited by his notice of appeal and brief, from so much of an order of the same court, dated October 23, 1985, as granted the corporate defendant's motion for a protective order vacating his notice of discovery and inspection dated April 26, 1985, and denied his cross motion to strike the corporate defendant's first, second, third and fourth affirmative defenses.

Justice Sullivan has been substituted for former Justice Lazer (see, 22 NYCRR 670.2 [c]).

Ordered that the order dated April 22, 1985 is affirmed, without costs or disbursements, for reasons stated by Justice Meade at Special Term; and it is further,

Ordered that the order dated October 23, 1985, is modified, by deleting therefrom the provision which denied the plaintiff's cross motion to strike the corporate defendant's first, second, third and fourth affirmative defenses, and substituting therefor a provision granting the plaintiff's cross motion to strike the corporate defendant's first, second, third and fourth affirmative defenses with leave to the corporate defendant to replead its second, third, and fourth affirmative defenses. As so modified, the order dated October 23, 1985 is affirmed, insofar as appealed from, without costs or disbursements. The time within which the corporate defendant may replead its second, third and fourth affirmative defenses is extended to 20 days after service upon it of a copy of this decision and order, with notice of entry.

Special Term correctly dismissed the entire complaint consisting of three causes of action against all of the individual defendants, and correctly dismissed the third cause of action against the corporate defendant.

As a result of Special Term's order dated April 22, 1985, there remained extant in the complaint two causes of action against the corporate defendant. In its subsequently interposed answer, the corporate defendant alleged in its first affirmative defense that "[t]he complaint fails to state a cause

of action". However, it is still the rule in this department that "[a] defense that a complaint does not state a cause of action cannot be interposed in an answer" *(Glenesk v Guidance Realty Corp.,* 36 AD2d 852, 853). Instead, such a defense must be raised by motion pursuant to CPLR 3211 (a) (7). Accordingly, the corporate defendant's first affirmative defense must be dismissed.

The second, third and fourth affirmative defenses interposed by the corporate defendant in its answer simply allege, respectively, that the plaintiff's claim is (1) "contrary to documentary evidence", (2) barred by "waiver and estoppel", and (3) barred by an "accord and satisfaction". However, these affirmative defenses as pleaded are "totally bereft of factual data [and] are fatally deficient" *(Glenesk v Guidance Realty Corp., supra,* at p 853). As this court stated in *Glenesk v Guidance Realty Corp. (supra,* at p 853), "[d]efenses which merely plead conclusions of law without supporting facts are insufficient".

Accordingly, the corporate defendant's second, third and fourth affirmative defenses must also be stricken. However, we grant leave to the corporate defendant to replead those defenses in proper form. Mangano, J. P., Bracken, Niehoff and Sullivan, JJ., concur.