■ DARLENE COLUCCIO, Also Known as DARLENE MILO, Plaintiff, v R. W. URBANEK, Defendant and Third-Party Plaintiff-Respondent. LEWIS M. FEDER, Third-Party Defendant-Appellant.—In a medical malpractice action, the third-party defendant appeals from an order of the Supreme Court, Kings County (Monteleone, J.), dated April 8, 1986, which granted the third-party plaintiff's motion to strike the third-party defendant's second and third affirmative defenses, denied the third-party defendant's cross motion to dismiss or sever the third-party action, and granted leave to third-party plaintiff to amend the third-party complaint.

Ordered that the order is affirmed, with costs.

While the third-party complaint did not provide sufficient notice of the transactions and occurrences involved, the court did not err in granting leave to amend the third-party complaint.

Under the circumstances of this case, the court also did not err in striking the defense of laches and in declining to sever the third-party action. Because of the backlog in the Medical Malpractice Panel Calendar, the third-party action is not likely to unduly delay the main action *(see, Leavitt v New York City Tr. Auth.,* 111 AD2d 907; *cf., Shanley v Callanan Indus.,* 54 NY2d 52).

The court also did not abuse its discretion in striking the appellant's third affirmative defense, which stated that the third-party complaint failed to state a cause of action *(see, Bentivegna v Meenan Oil Co.,* 126 AD2d 506; *Torres v Southside Hosp.,* 84 AD2d 836; *Glenesk v Guidance Realty Corp.,* 36 AD2d 852). It should be noted that the striking of this defense does not constitute a ruling on the merits, but is rather a procedural direction that the claim that a complaint fails to state a cause of action may not be interposed in an answer *(see, Torres v Southside Hosp., supra; see also,* Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:38, at 13 [1987 Supp Pamph]). Brown, J. P., Niehoff, Eiber and Sullivan, JJ., concur.