■ PROPOCO, INC., Appellant-Respondent, v EMANUEL BIRNBAUM et al., Respondents-Appellants.—On the court's own motion, it is,

Ordered that the decision and order of this court dated December 11, 1989, which determined an appeal by the plaintiff from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated March 25, 1988, as denied its motion for summary judgment, and a cross appeal by the defendants from so much of the same order as denied that branch of their cross motion which was for partial summary judgment dismissing the plaintiff's second and third causes of action, is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an

order of the Supreme Court, Nassau County (Roberto, J.), dated March 25, 1988, as denied its motion for summary judgment, and the defendants cross-appeal from so much of the same order as denied that branch of their cross motion which was for partial summary judgment dismissing the plaintiff's second and third causes of action.

Ordered that on the appeal by the plaintiff, the order is modified, on the law, by deleting the provisions thereof which denied those branches of the plaintiff's motion which were for summary judgment dismissing the first, second, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, fifteenth, sixteenth, and seventeenth affirmative defenses, the third counterclaim and so much of the first counterclaim as alleged that the parties did not enter into a valid contract and that the plaintiff violated regulations of the New York State Department of Health, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as cross appealed from, on the law, without costs or disbursements, and that branch of the defendant's cross motion which was for partial summary judgment dismissing the plaintiff's second and third causes of action is granted.

In response to a complaint to recover damages for breach of contract, the defendants interposed an answer which contained, *inter alia,* 17 affirmative defenses and three counterclaims. The plaintiff subsequently moved for summary judgment dismissing the affirmative defenses and counterclaims. The Supreme Court denied the motion, in its entirety, on the ground that the existence of triable issues of fact precluded dismissal. Upon review of the parties submissions, we find that the first, second, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, fifteenth, sixteenth and seventeenth affirmative defenses should be dismissed.

The first affirmative defense alleges that the plaintiff failed to state a cause of action. In this judicial department, a defense that a complaint does not state a valid cause of action cannot be interposed in an answer, but must be raised by appropriate motion pursuant to CPLR 3211 (a) (7) *(see, Bentivegna v Meenan Oil Co.,* 126 AD2d 506). Accordingly, this affirmative defense is stricken.

The second, fifth, sixth and seventh affirmative defenses must also be dismissed since the submissions with respect to

those causes of action are wholly conclusory in nature *(see, Drake Am. Corp. v Speakman Co.,* 144 AD2d 529).

The eighth affirmative defense, which challenges the validity of the contract, is similarly unavailing. The subject contract was endorsed by the administrator of the defendant nursing home. Although the defendants claim that the administrator lacked the authority to execute the contract, the record reveals that the defendants ratified the contract by accepting the benefits provided thereunder *(see, Beutel v Beutel,* 55 NY2d 957) and by initiating the execution of an addendum to the contract. Accordingly, the plaintiff is entitled to summary judgment dismissing this affirmative defense *(see also, Surlak v Surlak,* 95 AD2d 371).

The ninth and tenth affirmative defenses allege a violation of the then-existing regulations of the New York State Department of Health *(see,* 10 NYCRR former 405.27 [now repealed]). However, since those regulations only applied to hospitals, not nursing homes, the ninth and tenth affirmative defenses must be dismissed.

The eleventh affirmative defense, which alleges that the plaintiff failed to make a proper demand for payment, is belied by the record which discloses that the plaintiff submitted at least two written requests for payment. Dismissal of this affirmative defense is, therefore, required.

The fifteenth affirmative defense must also be dismissed on the ground that individual assets of a general partner may be subject to partnership debts if, *inter alia,* the partnership property is insufficient to satisfy the debt and there appears to be no effective remedy without resort to individual property *(see, Helmsley v Cohen,* 56 AD2d 519). In order to reach a partner's individual assets, he must be named as a party in the underlying lawsuit *(see, Levin v Total Hockey Assocs.,* 64 AD2d 622; *Bensaull v Fanwood Estates,* 128 Misc 2d 110). Accordingly, the plaintiff had the right to interpose its causes of action against the individual defendants, the general partners of the nursing home.

The sixteenth affirmative defense, which alleges laches, must be stricken since laches may not be interposed as an affirmative defense in an action at law to recover damages for breach of contract *(see, Brown v Lockwood,* 76 AD2d 721).

The seventeenth affirmative defense, which is predicated upon the Statute of Limitations, fails to set forth the prescribed period or periods of limitation upon which it relies and is, therefore, also dismissed *(see, Cuddihy v Frank,* 59 AD2d 932; *Lucash v Shields,* 19 AD2d 793).

The remaining affirmative defenses present triable issues of fact which preclude their dismissal *(see, Fleckenstein v Nehrbas,* 21 AD2d 889).

With respect to the defendants' counterclaims, we find that so much of the first counterclaim as alleges that the parties did not enter into a valid contract and that plaintiff breached the rules and regulations promulgated by the New York State Department of Health must be stricken for reasons previously noted. The remainder of the allegations of the first counterclaim which pertain to the plaintiff's removal of property from the nursing home do raise triable issues of fact barring their dismissal.

The third counterclaim, which is based upon the plaintiff's alleged failure to make certain contributions to an employee's union, must be dismissed on the ground that the record is devoid of factual support for this counterclaim. Indeed, the defendant Birnbaum's own pretrial deposition undermines the validity of the counterclaim.

However, we do agree with the Supreme Court that the second counterclaim should proceed to trial since factual issues exist as to whether erroneous cost accounting figures were utilized, resulting in overpayments to the plaintiff.

Turning to the second and third causes of action of the complaint, which requested liquidated damages, a review of the contractual provisions upon which these causes of action are predicated reveal that they do not bear a reasonable relationship to the potential losses which may have been sustained by the plaintiff and, in substance, constitute a penalty *(see, Truck Rent-A-Center v Puritan Farms 2nd,* 41 NY2d 420; *Vernitron Corp. v CF 48 Assocs.,* 104 AD2d 409). Accordingly, the defendants are granted partial summary judgment dismissing those causes of action. Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.