■ LESLIE PLATT, Respondent, v MORTON L. PORTNOY, Appellant. [632 NYS2d 659] —In an action to recover damages for breach of contract and legal malpractice, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered November 30, 1993, as (1) granted the branch of the plaintiff's motion which was to strike the defendant's affirmative defense of failure to state a cause of action and (2) denied the defendant's cross application for summary judgment dismissing the complaint.

Ordered that the order is modified by deleting the provision thereof which denied the defendant's cross application for summary judgment dismissing the complaint and substituting therefor a provision granting the cross application and dismissing the complaint; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

The defendant is the plaintiff's former attorney. In 1986, the defendant defended the plaintiff in an action brought by her former husband for custody of the children of the marriage. The plaintiff alleges that she requested the defendant to counterclaim in the custody action for an increase in child support. The defendant admits that the plaintiff requested him to seek additional child support. However, he contends that he never agreed to do so and that he advised the plaintiff not to do so until the custody action was concluded. The custody action was apparently resolved when the parties' son elected to live with his father and the daughter remained with the plaintiff.

In 1993, the plaintiff commenced this action to recover damages for breach of contract and legal malpractice on the ground that the defendant had not sought an increase in child support. In his answer, the defendant asserted the defense of failure to state a cause of action. The plaintiff then moved, *inter alia,* to dismiss that defense. The defendant opposed the motion and cross-applied for summary judgment dismissing the complaint. Upon determining that the complaint states a cause of action, the court granted the branch of the plaintiff's motion which was to dismiss the defense of failure to state a cause of action. The court also held that the defendant is not entitled to summary judgment.

Although we affirm the dismissal of the defense of failure to state a cause of action, we do so for a different reason than that stated by Justice Nicolai at the Supreme Court. "In this judicial department, a defense that a complaint does not state a valid cause of action *cannot* be interposed in an answer, but must be raised by appropriate motion pursuant to CPLR 3211 (a) (7)" *(Propoco, Inc. v Birnbaum,* 157 AD2d 774 , 775 [emphasis added]; *see also, Singh v Kalish,* 153 AD2d 621; *Coluccio v Urbanek,* 129 AD2d 551; *Bentivegna v Meenan Oil Co.,* 126 AD2d 506). Accordingly, the Supreme Court should not have determined on the merits the branch of the plaintiff's motion which was to dismiss the defense of failure to state a cause of action. Rather, it should have struck that defense on procedural grounds *(see, Coluccio v Urbanek, supra).*

However, the defendant is entitled to summary judgment dismissing the breach of contract cause of action. It is axiomatic that "[w]ithout [an] agreement * * * there can be no contract [and w]ithout a contract there can be no breach of the agreement or a failure to perform the contractual duty with care" *(Franklin v Carpinello Oil Co.,* 84 AD2d 613). The plaintiff merely alleges that she requested the defendant to file a counterclaim for an increase in child support. The plaintiff does not allege that the defendant ever agreed to her request. A mere request does not constitute an agreement. Accordingly, since there was never any agreement between the parties regarding the child support issue, there was no contract and no breach of contract due to the defendant's failure to seek an increase in child support.

The defendant is also entitled to summary judgment dismissing the legal malpractice cause of action. It is well settled that in order "[t]o prevail in an action for legal malpractice, the plaintiff must show [not only] that the attorney was negligent, [but also] that 'but for' the attorney's negligence the plaintiff would have prevailed in the underlying action" *(Pacesetter Communications Corp. v Solin & Breindel,* 150 AD2d 232, 233; *see also, Carmel v Lunney,* 70 NY2d 169; *Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419). The defendant's decision not to seek an increase in child support during the pendency of the custody action was a reasonable course of action which did not constitute negligence *(see generally, Rosner v Paley,* 65 NY2d 736, 738). Moreover, the plaintiff has failed to demonstrate that she would have successfully obtained an increase in child support had such an application been made. O'Brien, J. P., Copertino, Santucci and Joy, JJ., concur.

**19** SAMUEL PLOTKIN, Public Administrator of Kings County, as Administrator of the Estate of GUSTAVE MARTINEZ, Deceased,