■ ROGER HOLDER, as Administrator of the Estate of RODWELL HOLDER, Deceased, Respondent, v H.A.N.A.C. HOME SERVICES SYSTEMS, INC., et al., Appellants, et al., Defendant. [669 NYS2d 895] —In an action to recover damages for personal injuries and wrongful death, the defendants H.A.N.A.C. Home Services Systems, Inc., and Long Island Jewish Medical Center separately appeal from an order of the Supreme Court, Queens County (Milano, J.), dated March 18, 1997, which denied their respective motions for summary judgment dismissing the plaintiff's cause of action for wrongful death and to strike so much of the plaintiff's verified bill of particulars as alleged that the decedent suffered certain injuries on the ground that the plaintiff submitted no proof of such injuries.

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court correctly denied the appellants' respective motions for summary judgment dismissing the plaintiff's cause of action for wrongful death. Although a properly certified death certificate is "prima facie evidence in all courts of

the facts therein stated" (Public Health Law § 4103 [3]; *see, Anderson v Commercial Travelers Mut. Ins. Co.*, 73 AD2d 769; *Gioia v State of New York*, 22 AD2d 181, 184), the decedent's death certificate failed to establish prima facie that the appellants' alleged negligence was not a proximate cause of his death (*see, Derdiarian v Felix Contr. Co.*, 51 NY2d 308).

The appellants' remaining contention is without merit. Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.