■ In the Matter of CORRY ASSOCIATES, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [678 NYS2d 386] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Division of Housing and Community Renewal dated August 9, 1996, which confirmed so much of an order of the District Rent Administrator as directed the petitioner, Corry Associates, to pay the sum of $67,476.89, representing rent overcharges and treble damages, the petitioner appeals from a judgment of the Supreme Court, Queens County (Schmidt, J.), dated August 8, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

We find no basis for disturbing the judgment of the Supreme Court. The determination of the Division of Housing and Community Renewal (hereinafter the DHCR), finding that the petitioner, among others, had overcharged for rent on a rent-stabilized apartment, is supported by the record and in conformity with the Rent Stabilization Code (*see,* 9 NYCRR part 2520). Hence, the determination was not arbitrary or capricious. Further, it was not made in violation of lawful procedure, and it was not affected by an error of law (*see,* CPLR 7803 [3]).

While the petitioner argues that this determination should not be binding upon Vincent Sbiroli and Maria Sbiroli, who, along with other individuals, are the prior owners of the subject rent-stabilized apartment by virtue of having been partners in Corry Associates, the determination does not purport to impose personal liability upon them and any resulting judgment could not be executed against them personally since they were not parties to the proceedings before the DHCR (*see, e.g., Propoco, Inc. v Birnbaum,* 157 AD2d 774, 776; *see also,* CPLR 1502).

Further, Corry Associates was properly served with the tenant's complaint by service upon John Keown, a partner in Corry Associates, who had acquired ownership of the subject apartment but continued to use the partnership name in his dealings with the tenant and the DHCR (*see,* CPLR 310).

The petitioner's remaining contentions provide no basis for

reversing the judgment. Mangano, P. J., Sullivan, Florio and McGinity, JJ., concur.