■ VETS NORTH, INC., Respondent, v PHYLLIS LIBUTTI et al., Appellants. [717 NYS2d 656] —In an action to enforce a judgment of the District Court, Suffolk County, dated February 19, 1999, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated February 22, 2000, as denied their motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment on the com-

plaint, and (2) from a judgment of the same court, entered April 12, 2000, which is in favor of the plaintiff and against them in the principal sum of $226,812.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, so much of the order as granted the plaintiff's cross motion for summary judgment and denied the defendants' motion for summary judgment is vacated, the cross motion is denied, the motion is granted, and the complaint is dismissed; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff, Vets North, Inc. (hereinafter Vets North), commenced a summary proceeding in the District Court against a partnership, the Center for Rehabilitation, and a corporation, the Center for Rehabilitation, Inc., seeking past due rent, and possession of the premises leased by the partnership. The summary proceeding resulted in a judgment in favor of Vets North against the partnership in the principal sum of $195,528. Neither of the two general partners in the partnership, Phyllis Libutti and Karen Holland, the defendants herein, were named in the summary proceeding or were served with process in that proceeding. Although Vets North obtained a judgment against the two business entities, it was unable to collect on the judgment because the corporation went into bankruptcy and there were no partnership assets. Therefore, Vets North sought to enforce the judgment against the individual partners by commencing this action.

A judgment against a partnership may be enforced solely against partnership property (*see,* CPLR 5201 [b]; *Somer & Wand v Rotondi,* 219 AD2d 340, 343-344; *Propoco, Inc. v Birnbaum,* 157 AD2d 774, 776; *Martinoff v Triboro Roofing Co.,* 228 NYS2d 139). Resort to the personal assets of individual partners is possible only as to those general partners who were named individually as defendants and personally served with process in the proceeding which resulted in the judgment (*see, Matter of Corry Assocs. v Division of Hous. & Community Renewal,* 254 AD2d 286; *Propoco, Inc. v Birnbaum, supra,* at 776; *see also,* CPLR 1501, 1502, 5201[b]). Since Vets North failed to

either name or serve Libutti and Holland in the summary proceeding which resulted in a judgment, it may not enforce the judgment against them individually.

In light of the defendants' prima facie showing of their entitlement to judgment as a matter of law, and because Vets North has not sustained its burden of raising a triable issue of fact, the complaint is dismissed (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562). Florio, J. P., McGinity, Luciano and Feuerstein, JJ., concur.