Ramrup v 131 Starr Realty Corp. (2004 NY Slip Op 50439(U))

[*1]

Ramrup v 131 Starr Realty Corp.

2004 NY Slip Op 50439(U)

Decided on May 25, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 25, 2004

Supreme Court, Kings County
CALLAWATIE RAMRUP, Plaintiff,
against
131 STARR REALTY CORP., WILLIAM J. BOWIE AND "JOHN DOE No.1" through "JOHN DOE #20", the last twenty names being fictitious and unknown to plaintiff, the person or parties intended being the tenants, occupants, person or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint. Defendant(s).
49599/00

Plaintiff
Lloyd G. Karmel. Esq.
Great Neck NY
Defendant
Miller Rosado & Algios
Mineola NY

Arthur M. Schack, J.
Plaintiff, in this real property action, moves: to strike defendants' answer and affirmative [*2]defenses; for summary judgment, pursuant to CPLR § 3212; to appoint a referee to ascertain and compute the amount due to plaintiff on the note and mortgage upon which this action is brought; and, that upon the confirmation of the referee's report, a judgement of foreclosure and sale, with costs and disbursements may be entered. Defendant cross-moves for summary judgment and to dismiss plaintiff's complaint, pursuant to CPLR § 3212. The Court finds that: defendants' answer contains invalid denials and affirmative defenses, and therefore should be stricken; and grants summary judgment and other requested relief to plaintiff.
Background
This action was brought to foreclose on the note and mortgage given by Hansram Ramrup to defendant 131 Starr Realty Corp., on April 23, 1992, with defendant William J. Bowie as guarantor for defendant 131 Starr Realty Corp. The mortgage was recorded in the Office of the City Register of the County of Kings, on May 21, 1992 in Reel 2845, Page 1422. The executed note [exhibit A of verified complaint] states at the bottom of the first page that "[t]his bond may not be changed or terminated orally." The executed mortgage [exhibit B of verified complaint] states at the end of § 18 that "[t]his mortgage may not be changed or terminated orally. The covenants contained in this mortgage shall run with the land and bind the mortgagor . . . and shall enure to the benefit of the mortgagee, . . . and assigns of the mortgagee."
Defendant Bowie was late with mortgage payments, and in his affidavit in support of defendants' cross-motion claims that Mr. Ramrup made misrepresentations to him about utility, insurance, and maintenance costs for the premises. In § 7 of his affidavit, defendant Bowie claims that Mr. Ramrup waived eighteen mortgage payments, and thus defendant Bowie did not bring a fraud action against Mr. Ramrup for his alleged misrepresentations. Further, defendant Bowie, in § 9 of his affidavit admits that "the waivers were oral," but claims that the lack of any action by Mr. Ramrup to claim a default on the mortgage and foreclose is evidence that the waivers occurred.
§ 19 (a) of the mortgage states that if the mortgagor defaults in payment, "the MORTGAGEE herein may, at MORTGAGEE's option declare the mortgage in default after 30 days written notice to cure to the MORTGAGOR [emphasis added]." It is evident that Mr. Ramrup, despite the late payments, didn't exercise his option and declare defendants in default.
In July, 1999 Mr. Ramrup and plaintiff were divorced. As part of their Florida divorce decree [exhibit I of cross-motion], they agreed in § 29 (A) that:
Upon the execution of this Agreement, or within a reasonable time thereafter,
the Former Husband shall deliver to the Former Wife an Assignment of
Mortgage and Note in recordable form by which instrument the Former
Husband shall transfer to the Former Wife all his right, title, and interest
in and to the Mortgage and Note known as the "Star Mortgage" and Note
and alternately, as the "Bowie Note" which encumbers property having a
street address of 131 Star [sic] Street, Brooklyn, New York [emphasis
added].
Assignor Hansram Ramrup assigned the mortgage and note to plaintiff assignee in an instrument, dated November 22, 1999, and recorded in the Office of the City Register of the County of Kings on February 10, 2000 in Reel 4760, Page 2116 [exhibit C of verified complaint]. In the assignment Mr. Ranrup assigned to plaintiff "100% of his interest in a certain Mortgage bearing the date April 23, 1992, made by Starr Realty Corp., . . . in favor of Hansram Ramrup, . . . and recorded [*3]in O.R. Book 2845, Page 1422 of the Public Records of the Borough of Brooklyn, New York [emphasis added]."
Plaintiff alleges that defendant Bowie made his last mortgage payment, the April 23, 1998
payment, based upon the mortgage's amortization schedule, almost eighteen months late on October 17, 1999 [exhibit D of verified complaint]. Further, plaintiff alleges that defendants violated the terms and conditions of the note and mortgage by failing to make subsequent payments and late charges, as set forth in the note and mortgage. Plaintiff further asserts that the August 2, 2000 letter
[exhibit E of verified complaint], from her attorney at that time, sent to defendants and their attorney was: proper notice of the default; and, acceleration of the remaining principal balance due, and accrued interest and late charges.
Summary Judgment Standard
The proponent of a summary judgment motion must make a prima facie showing of
entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case. See Zuckerman v City of New York, 49 NY2d 557, 562 (1980); Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 (1957). Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers. Matter of Redemption Church of Christ v Williams, 84 AD2d 648, 649 (3d Dept 1981); Greenberg v Manlon Realty, 43 AD2d 968, 969 (2d Dept 1974); Winegrad v New York University Medical Center, 64 NY2d 851 (1985).
CPLR § 3212 (b) requires that for a court to grant summary judgment:
the motion for summary judgment shall be supported by an affidavit,
by a copy of the pleadings and by other available proof, such as depositions
and written admissions. The affidavit shall be by a person having knowledge
of the facts; it shall recite all the material facts; and it shall show that there
is no defense to the cause of action or that the cause of action or defense
has no merit.
The evidence submitted in support of the movant must be viewed in the light most favorable to the non-movant. Marine Midland Bank, N.A. v Dino & Artie's Automatic Transmission Co., 168 AD2d 610 (2d Dept 1990). Summary judgment shall be granted only when there are no issues of material fact and the evidence requires the court to direct judgment in favor of the movant as a matter of law. Friends of Animals, Inc., v Associated Fur Mfrs. , 46 NY2d 1065 (1979).
Affirmative defenses lack merit
Defendants deny the verified complaint allegations that they failed to make mortgage payments and late charge payments due on the April 23, 1992 mortgage and note from May 23, 1998 forward. Defendants' denial is baseless, as defendants' last payment, made on October 17, 1999 was for payment #71 [exhibit D of verified complaint]. Payment #71, pursuant to the amortization schedule for the mortgage and note, was due on March 23, 1998.
Defendants' first affirmative defense is that the complaint fails to state a cause of action
upon which relief can be granted. This is invalid and stricken for two reasons. First, it is apparent that the complaint states a cause of action. It names the parties, the obligation, the default thereon and the remedy sought. Second, the Appellate Division, Second Department has held that an affirmative defense that a complaint fails to state a cause of action cannot be submitted in an answer but must be part of a motion to dismiss. See Petracca v Petracca, 305 AD2d 566 (2d Dept 2003);
[*4]
Coluccio v R. W. Urbanek, 129 AD2d 551 (2d Dept 1987). In Propoco, Inc. v Birnbaum, 157 AD2d 774 (2nd Dept. 1990), the Court instructed, at 775:
[I]n this Judicial Department, a defense that a complaint does not state a valid
cause of action cannot be interposed in an answer, but must be raised
by appropriate motion pursuant to CPLR 3211(a) (7) (see, Bentivegna v.
Meenan Oil Co., 126 AD2d 506 ). Accordingly, this affirmative defense
is stricken.
Defendants' second affirmative defense is that pursuant to the Ramrups' divorce agreement plaintiff is entitled only to mortgage payments from July, 1999 forward. Defendants claim plaintiff's acceleration attempt was improper in that it demanded payments that were due prior to July, 1999. This affirmative defense is specious and without merit. Mr. Ramrup, in his affidavit attached to the amended motion, clearly states that there was no waiver of any payments due prior to July, 1999. He states that his agreement with his former wife was that any payments due prior to October, 1999 were to be given to him after she collected them. Mr. Ramrup, by his November 23, 1999 assignment, assigned 100% of his interest in the 131 Starr Realty mortgage [exhibit C of verified complaint]. The July 12, 1999 divorce agreement between plaintiff and her ex-husband is not part of the assignment. The divorce agreement is between plaintiff and Mr. Ramrup only. Defendants are not parties to the divorce agreement and the divorce agreement is not meant to inure to defendants' benefit. There is no privity between the Ramrups and defendants with respect to the divorce agreement. If the Florida Court had intended to incorporate the divorce agreement into the assignment they would have directed the appropriate parties to do so. Therefore, defendants have no standing to enforce the divorce agreement.
Plaintiff, pursuant to the November 23, 1999 assignment, is entitled to collect all monies due and owing under the mortgage and note as of the date of the assignment. It is elementary contract law that Mr. Ramrup assigned all his rights, obligations and benefits under the mortgage and note on November 23, 1999. In In Re Stralem, 303 AD2d 120 (2d Dept 2003), the Court, at 123, noted that, "[w]hen a valid assignment is made, the assignee steps into the assignor's shoes and acquires whatever rights the latter had (see Furlong v Shalala, 156 F3d 384, 392 [2d Cir 1998])." See Arena Const. Co., Inc., v J. Sackaris & Sons, Inc., 282 AD2d 489 (2d Dept 2001); Richard T. Blake & Associates, Inc. v Aetna Cas. and Sur. Company, 255 AD2d 569 (2d Dept 1998); Carla Realty Co. v County of Rockland, 222 AD2d 480 (2d Dept 1995).
 If defendants' argument, that plaintiff is entitled to collect payments only from July, 1999,
prevails, then defendants would be unjustly enriched. Under defendants' theory, there would no longer be anyone who would have standing to enforce the collection of monies owed that were due prior to July, 1999. Mr. Ramrup lost his standing to collect payments when he assigned 100% of his interest in the mortgage to plaintiff. Pursuant to this argument, plaintiff would not be entitled to these payments either and defendants would not be required to pay these monies to anyone. Therefore, defendants would be unduly enriched to the extent that monies still owed under the note and mortgage at the time of the execution of the assignment would not be payable to anyone. Defendants' argument is baseless and plaintiff is entitled to all monies currently owed under the note and mortgage. Therefore, defendants' second affirmative defense is stricken.
Defendants' third affirmative defense, that an August 2, 2000 letter [exhibit E of verified complaint] from plaintiff's prior attorney to defendant Bowie does not accelerate the payments due [*5]under the mortgage and note because it states that the failure to pay past due payments and late charges "may result in acceleration by Ms. Ramrup of all sums secured by your mortgage," is without merit and stricken. That the letter used the word "may" instead of "shall" is irrelevant. The mortgage is clear in § 4 and §19 (a) that the whole of the principal sum and interest shall become due at the option of the mortgagor after default in the payment of principal or interest for 15 days [exhibit A of verified complaint]. Further, not only is the mortgage silent with respect to the language that is to be used in making the payment demand, but in his August 2, 2000 letter plaintiff's attorney clearly announced that plaintiff retained him and plaintiff:
has informed me that you are in default under the terms of the mortgage
dated April 23, 1992, having failed to make payment due May 23, 1998,
and all subsequent payments. To cure this default you must forward to
Callowatie Ramrup certified funds in the amount of $51,951.24,
consisting of the May 23, 1998 through July 23, 2000 payments in the
amount of $1,784.04 each as well as late charges in the amount of
$1,998.12. The required sum must be forwarded to my office on or
before September 3, 2000.
Therefore, defendants' third affirmative defense is without merit and stricken.
In defendants' fourth affirmative defense, defendants assert that a second letter of August 2, 2000 from plaintiff's attorney [exhibit G of cross-motion], stating that defendants' attorney should advise plaintiff's attorney if defendants wish "to pay off the note or bring . . . account current" is an ineffective acceleration and in conflict with the other August 2, 2000 letter. This letter is a further demand and an attempt to resolve the late payments. It is not in conflict with the other August 2, 2000 letter. Plaintiff had more than met her burden with regard to the accelerator provision of the mortgage. Therefore, the fourth affirmative defense is without merit and is stricken.
Defendants claim in the fifth affirmative defense that they took all possible steps to cure the default. This is not true. Defendants did not bring the note and mortgage up to date. Their offers were to make the payments due from November 1999 through June 2000. However, defendants were in default for payments from April, 1998. Any attempt to bring the account up to date needed to account for all of defendants' missing payments. Additionally, defendants did not offer to include interest on the late payments, to which plaintiff is clearly entitled to by § 19 (b) of the mortgage. Also, defendants' attorney in his July 11, 2000 letter to plaintiff's attorney states that defendants will deduct their attorney fees from the amount due [exhibit F of amended motion]. This is improper pursuant to the mortgage terms. It is obvious that defendants did not cure their default. Subsequent to defendants being made aware of the assignment in December, 1999 [exhibit B of cross-motion] defendants still did not make any payments, including those due after the assignment of the mortgage and note to plaintiff from her former husband. There has not been any payment of interest or principal since payment for the installment due April 23, 1998. Therefore, the fifth affirmative defense is without merit and is stricken.
Failure of defendants to provide evidence of waiver and estoppel
Defendants' cross-motion asserts by the use of defendant Bowie's self-serving November 25, 2003 affidavit that eighteen monthly mortgage payments were waived by Mr. Ramrup, the assignor, when Mr. Ramrup held the note and mortgage. The assignment of the note and mortgage makes no mention of any waiver. Defendant Bowie claims that Mr. Ramrup gave him a waiver in [*6]consideration of defendant Bowie not bringing an action against Mr. Ramrup for alleged fraud in his misrepresentations as to utility, insurance, and maintenance costs for 131 Starr Street. It is clear, as previously observed, that in the April 23, 1992 note, at the bottom of the first page, the parties agreed that "[t]his bond may not be changed or terminated orally," and in § 18 of the April 23, 1992 mortgage the parties agreed that "[t]his mortgage may not be changed or terminated orally."
There is no independent proof of any waiver as asserted by defendants. There is nothing in writing by any party acknowledging waiver or the alleged fraud. Defendant Bowie, in his affidavit in support of the cross-motion, states in § 9 that "[w]hile the waivers were oral, the evidence demonstrates that they in fact happened. Hansram made no threat, oral or written to foreclose and did not claim either orally or in writing that Starr had defaulted." In his August 5, 2003 affidavit attached to plaintiff's amended motion, Mr. Ramrup denies making any misrepresentations to defendant Bowie or granting any waiver to defendants. Mr. Ramrup's failure to attempt to foreclose does not demonstrate waiver. In Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966 (1988) the Court of Appeals, at 968, instructed that "[w]aiver is an intentional relinquishment of a known right and should not be lightly presumed (see, S & E Motor Hire Corp. v. New York Indem. Co., 255 N.Y. 69, 72 . . . ; 5 Williston, Contracts §§ 696, 697, at 338-340 [3d ed 1961])."
While waiver is "lightly presumed" by defendants in the instant case, there are instances in which, as the Court of Appeals instructed in Matisoff v Dobi, 90 NY2d 127, 134 (1997), that " oral agreements that violate the Statute of Frauds are nonetheless enforceable where the party to be charged admits having entered into the contract (see, Cohon & Co. v. Russell, 23 N.Y.2d 569 . . . )." However, Mr. Ramrup does not admit agreeing to any waiver. In Bono v Cucinella, 298 AD2d 483 (2d Dept 2002), an action to recover mortgage debt, the Appellate Division affirmed Supreme Court, Suffolk County's finding that the administrators of an estate waived mortgage payments, in a Surrogate's Court estate accounting by their admissions. This is inapposite with the instant case in which Mr. Ramrup has not admitted to any waiver. In New York State Urban Development Corp. v Marcus Garvey Brownstone House, Inc., 98 AD2d 767 (2d Dept 1983), the Court made it very clear, at 771, that:
[A] defendant in a foreclosure action who seeks to avoid summary judgment
against it where there have been unquestionable defaults, must meet a
threshold of believability if it claims that there was an oral promise to
forego or delay foreclosure. The bare assertion that certain representatives
of the mortgagee made such a promise is not enough to create an issue
of fact (cf. Nassau Trust Co. v Montrose Concrete Prods. Corp., supra, p 185).
In Crossland Savings, FSB v Loguidice-Chatwal Real Estate Investment Co., 171 AD2d 457 (1st Dept 1991), the Court, citing New York State Urban Development Corp. v Marcus Garvey Brownstone House, Inc., supra, did not accept defendants' uncorroborated affidavits as proof that plaintiff had made oral promises to forbear foreclosure, when these alleged promises were "directly contradicted by the unambiguous terms of the parties' mortgage documents which specifically precluded any oral modification, waiver or termination of any rights or remedies provided therein."
Further, in support of their cross-motion for summary judgment, defendants claim that Mr. Ramrup's alleged pre-April 1998 waiver estopped plaintiff from trying to collect these payments. [*7]The cases cited by defendants for this theory have been misinterpreted. In defendants' cited cases the debtors were attempting to find alternate ways to provide payment in full to their creditors. In the instant case defendants are relying on alleged waiver and estoppel to effectively reduce the amount of money due to plaintiff instead of trying to resolve the payment issue.
Defendants first cite General Motors Acceptance Corporation v Clifton-Fine Central School District, 85 NY2d 232 (1995), in which the debtor continued to pay the assignor, not the assignee. The Court held, at 236, that waiver, "may be established by affirmative conduct or by a failure to act so as to evince an intent not to claim a purported advantage. . ." In the instant case there is no establishment of any affirmative conduct by Mr. Ramrup to create a waiver and no evidence presented "to evince an intent" by Mr. Ramrup not to claim the payments not tendered. Defendants then rely on Gresser v Princi, 128 AD2d 752 (2d Dept 1987). In this specific performance case, applying the principle that waivers need not be in writing to be enforceable, the Court found that, unlike the instant case, conduct and representations by plaintiffs were present that demonstrated waiver. Lastly, defendants cite Nassau Trust Company v Montrose Concrete Products Corp., 56 NY2d 175 (1982), which held, at 184, that:
[A]n estoppel, " 'rests upon the word or deed of one party upon which
another rightfully relies, and, so relying, changes his position to his injury ' "
(Triple Cities Constr. Co. v. Maryland Cas. Co., 4 N.Y.2d 443, 448, . . . ;
Lynn v. Lynn, 302 N.Y. 193, 205, . . . ; Metropolitan Life Ins. Co. v. Childs
Co., 230 N.Y. 285, 292 . . . ).
Nassau Trust Company v Montrose is not on point because there is no evidence presented of any affirmative conduct by Mr. Ramrup that waived or estopped defendant from making payments on the note and mortgage.
Defendants' failure to demonstrate accord and satisfaction
Defendants claim in their cross-motion that their purported attempt to pay the lien in full demonstrates accord and satisfaction of the mortgage. Even if plaintiff were to agree with defendants as to the number of outstanding payments due under the mortgage and note, which plaintiff does not, no attempt to make any payment of late charges, equivalent to 4% of the outstanding payments due and pursuant to § 19 (b) of the mortgage, were made by defendants in their settlement attempts. The check tendered by defendants to plaintiff does not constitute payment in full. Defendants' attorney [exhibit G of Bowie affidavit] tendered an official Citibank check, dated March 10, 2003, for $64,718.13 to plaintiff, writing on the check "131 Starr Realty & Wm. Bowie Full Satisfaction of Mortgage," and in the March 12, 2003 transmittal letter asked plaintiff's counsel to "inform me as to whether your client will now . . . issue a satisfaction." There is no evidence presented that plaintiff deposited or cashed this check. To have accord and satisfaction, pursuant to GOL § 15-501, the Appellate Division, First Department held in Nationwide Registry & Sec., Ltd. v B & R Consultants, Inc., 4 AD3d 298 (2004), that there must be an acceptance of payment "in full settlement of a disputed unliquidated claim, without any reservations of rights."
Trans World Grocers, Inc. v Sultana Crackers, Inc., 257 AD2d 616 (2d Dept 1999) instructed, at 617, that "[t]he party asserting the affirmative defense of accord and satisfaction must establish that there was a genuine dispute regarding an unliquidated claim between the parties which they mutually resolved through a new contract discharging all or part of their obligations under the original contract." In the instant case the parties have clearly not resolved [*8]their dispute and there is no evidence of any agreement discharging any obligations of defendants. Plaintiff's attorney merely holding defendants' tendered check is not accord and satisfaction. If defendants want access to the funds frozen in the official bank check they can stop the check at any time.
In analyzing the evidence in the instant case, even in the light most favorable to defendants, the only evidence presented of any waiver or estoppel is defendant Bowie's self-serving affidavit. It is clear that mortgage payments were late. Plaintiff, as assignee of her former husband, had all of assignor's rights to collect payments due on the mortgage and note. The old legal adage that "the assignee stand in the shoes of the assignor" applies in the instant case.
Conclusion
Plaintiff's amended motion to: strike the defendants' answer and affirmative defenses; grant summary judgment in favor of plaintiff; appoint a referee to ascertain and compute the amount due to plaintiff on the April 23, 1992 note and mortgage; and, issue a judgment of foreclosure and sale, with costs and disbursements, upon confirmation of the referee's report, is granted.
Defendants' cross-motion for summary judgment and dismissal of plaintiff's complaint is denied.
Settle order on notice, with a copy of this decision attached to the order.
This constitutes the decision and order of the court.

 Hon. Arthur M. Schack
 J.S.C.