Francis v Bien-Aime (2004 NY Slip Op 50601(U))

[*1]

Francis v Bien-Aime

2004 NY Slip Op 50601(U)

Decided on June 21, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 21, 2004

Supreme Court, Kings County
SHAWN FRANCIS, Plaintiff,
against
YANICK BIEN-AIME, J. C. JEAN-BAPTISTE, VALENTIN A. GROUNON and MANITA NAZAIRE, Defendants.
J. C. JEAN-BAPTISTE and YANICK BIEN-AIME, Plaintiffs,
against
VALENTIN A. GROUNON, MANITA NAZAIRE, and TALATA AKHTAR,
13626/01

Arthur M. Schack, J.
These two actions were joined for trial by order of Hon. Elizabeth Bonina on November 12, 2002 (exhibit D of motion).
 In Action 2, defendants Nazaire and Grounon, by motion, request that: the action is restored to the calendar; the default entered against defendant Grounon be vacated and dismissed for lack of jurisdiction; defendant Nazaire is granted leave to amend her pleadings to include various affirmative defenses, counterclaims and cross-claim; the Court grant defendants costs and sanctions against plaintiffs and plaintiffs' counsel for maintaining a frivolous action; a commission is issued to depose co-defendant Akhtar in California; Action 1 is stayed until Aktar is deposed; and, such other and further relief as this Court deems just and proper.
In Action 2, defendant Akhtar, by motion, requests that: this action is restored to the calendar; an order dismissing this action against defendant Akhtar or summary judgment for defendant Akhtar; and, such other further relief that this Court deems just, proper and equitable.
Plaintiffs Jean-Baptiste and Bien-Aime partially oppose the amended notice of motion and the cross-motion.
Factual Background
These lawsuits arise from a motor vehicle accident involving three vehicles at the intersection of Rutland Road and Remsen Avenue, Brooklyn, New York on May 28, 1999. According to the NYPD accident report of P.O. Alfred Burke (exhibit A of motion and exhibit L of cross-motion): Ms. Akhtar, driving her Honda (vehicle #1), was traveling westbound on Rutland Road and had "already stopped for a red light"; Mr. Jean-Baptiste was traveling eastbound on Rutland Road, in a Toyota (vehicle #2) owned by Mr. Ben-Aime; and a livery car Lincoln (vehicle #3), owned by Manita Nazaire and operated by Valentin Grounon, with Shawn Francis as a passenger, was traveling northbound on Remsen Avenue into the intersection with Rutland Road. The police report states that vehicle #3, the livery car, struck vehicle #2, the Toyota, in the intersection and then "veh. #2 was over-turned falling onto veh. #1 which had already stopped for red light." [sic]
In Action 2 plaintiffs' verified bill of particulars, dated October 7, 2003 (exhibit E of cross-motion), their attorney states in Number 4 that "The vehicle driver by Defendant Grounon and owned by Defendant Nazaire struck the Plaintiff's vehicle causing it to overturn onto the Defendant Akhtar's vehicle."
Action 1 plaintiff Francis, the passenger in the livery car, in his examination before trial on February 12, 2003 (exhibit M of motion) testified that the Jean-Baptiste vehicle fell on top of the vehicle heading westbound on Rutland Road (the Akhtar vehicle).
Dismissal of defendant Grounon
Defendant Grounon, the livery car driver, died in Haiti in December, 1999, more than one year prior to the commencement of the action, as evidenced by his death certificate (exhibit F of motion). Therefore, despite the assertion of service upon Grounon, personal jurisdiction was never obtained against Grouon. See McMullen v Arnone, 79 AD2d 495, 499 (1st Dept 1981); Mayers v Cadman Towers, Inc., 89 AD2d 844 (2d Dept 1982). Even if personal jurisdiction had been obtained over Grounon, the "death of a party divests a court of jurisdiction to conduct
proceedings in an action until a proper substitution has been made pursuant to CPLR 1015(a)." Silvagnoli v Consolidated Edison Employees Mut. Aid Soc., 112 AD2d 819, 820 (1st Dept. 1985). The dismissal of Grounon from the action does not prejudice plaintiffs in either Action 1 or [*2]Action 2. Vehicle and Traffic Law § 388 protects the ability of plaintiffs in both actions to continue to pursue damages against defendant Nazaire, the owner of the livery car. While the Court will not grant any costs or sanctions against counsel for Jean-Baptiste and Bien-Aime, it chastises counsel for not dismissing the action against defendant Grounon upon receiving a true translation of his Death Certificate. See Holder v. H. A. N. A. C. Home Services Systems, Inc., 248 AD2d 509 (2d Dept 1998).
Leave granted to defendant Nazaire to amend pleadings
Defendant Nazaire is granted leave to amend her answer. The answer originally served by defendant Nazaire was a bare-bones answer, without any affirmative defenses, counterclaims or cross-claims. CPLR § 3025 (b) permits a party to amend their pleadings "at any time" and states that "leave shall be freely given upon such terms as may be just." In Breco Environmental Contractors, Inc., v Town of Smithtown, 307 AD2d 330, 332 (2d Dept. 2003), the Court partially granted defendant's request to add affirmative defenses and counterclaims, holding that "motions for leave to amend pleadings are liberally granted in the absence of prejudice or surprise." In Edenwald Contracting Co., Inc., v City of New York, 60 NY2d 957 (1983), the Court of Appeals, at 959, instructed:Permission to amend pleadings should be "freely given" (CPLR
3025, subd [b]). The decision to allow or disallow allow or disallow the
amendment is committed to the court's discretion. (Murray v. City of New
York, 43 N.Y.2d 400, 404-405.) "Mere lateness is not a barrier to the
amendment. It must be lateness coupled with significant prejudice to the
other side, the very elements of the laches doctrine." (Siegel, Practice
Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:5, p 477.)
In the instant case, nothing in the proposed amended answer (exhibit K of motion) will cause any surprise or prejudice to plaintiffs. The mere fact that amendments come two years late after the original answer was served is not enough to deny leave to amend the answer. See Arcuri v Ramos, 2004 NY Slip Op 04137 (2d Dept May 24, 2004); Quinto v New York City Transit Authority, 2004 NY Slip Op 03999 (2d Dept May 17, 2004); Benton v Kreitzer, 2004 NY Slip Op 03753 (2d Dept May 10, 2004).
However, defendant Nazaire is precluded in her amended answer from asserting affirmative defenses that plaintiffs failed to state a cause of action and plaintiffs failed to obtain jurisdiction. The Appellate Division, Second Department, has held that held that an affirmative defense that a complaint fails to state a cause of action cannot be submitted in an answer but must be part of a motion to dismiss. See Petracca v Petracca, 305 AD2d 566 (2d Dept 2003); Coluccio v R. W. Urbanek, 129 AD2d 551 (2d Dept 1987). In Propoco, Inc. v Birnbaum, 157 AD2d 774 (2nd Dept. 1990), the Court instructed, at 775, that "in this Judicial Department, a defense that a complaint does not state a valid cause of action cannot be interposed in an answer, but must be raised by appropriate motion pursuant to CPLR 3211(a) (7) (see, Bentivegna v. Meenan Oil Co., 126 AD2d 506 )." Further, in her original answer defendant Nazaire did not challenge the subject-matter and personal jurisdiction of the court. Therefore, she has consented to the Court's jurisdiction.
Summary judgment for defendant Akhtar
[*3]
With respect to Action 2 defendant Akhtar the Court vacates her default by finding a meritorious defense and an excusable default. It is clear from the exhibits mentioned above that defendant Akhtar is an unfortunate bystander to the accident. Plaintiff Francis' deposition, the verified bill of particulars of plaintiffs' Jean-Baptiste and Bien-Aime, and the accident reports of P.O. Burke's make it clear that defendant Akhtar was stopped at a red light when struck by another vehicle. The verified pleadings, including a verified bill of particulars, pursuant to CPLR § 105 (u), "may be used as an affidavit whenever the latter are required," for the purposes of a summary judgment motion because it contains sworn factual allegations. See Travis v Allstate Ins. Co., 280 AD2d 394 (1st Dept 2001); Hladczuk v Epstein, 98 AD2d 990 (4th Dept 1993).
Therefore, pursuant to CPLR § 3212 (b), defendant Akhtar is entitled to judgment as a matter of law and is dismissed from the case. The evidence tendered is sufficient to eliminate any material issues of fact with respect to defendant Akhtar in the instant action. See Zuckerman v City of New York, 49 NY2d 557, 562 (1980); Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 (1957); Winegrad v New York University Medical Center, 64 NY2d 851 (1985). Even viewing the evidence presented in the light most favorable to non-movants this Court finds no triable issues of fact with respect to defendant Akhtar. See Marine Midland Bank, N.A. v Dino & Artie's Automatic Transmission Co., 168 AD2d 610 (2d Dept 1990). With no issues of material fact present the evidence requires the court to direct judgment in favor of movant Akhtar as a matter of law. See Friends of Animals, Inc., v Associated Fur Mfrs. , 46 NY2d 1065 (1979).
Conclusion
After reviewing the papers filed by all sides and hearing oral arguments,
It is hereby ORDERED that:
(a) Action 2, Index Number 13626/01 is restored to the calendar;
(b) the default entered against defendant Grounon in Action 2, Index Number
 13626/01 is vacated and the action against defendant Grounon is hereby dismissed;
(c) all requests for costs and sanctions are denied;

(d) defendant Nazaire's request to amend her answer in Action 2, Index Number 13626/01 to include various affirmative defenses, counterclaims and cross-claims are granted to the extent that defendant Nazaire may not assert affirmative defenses of failure to state a cause of action and lack of jurisdiction;
(e) defendant Akhtar's action is restored, defendant Akhtar's motion for summary judgment is granted and defendant Akhtar is dismissed from the case; and
(f) the caption is amended to:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SHAWN FRANCIS,
Plaintiff,
- against -Action 1
Index No. 13626/01
YANICK BIEN-AIME, J. C. JEAN-BAPTISTE, and
MANITA NAZAIRE,
Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
J. C. JEAN-BAPTISTE and YANICK BIEN-AIME,
[*4]
Plaintiffs,
-against-Action 2
Index # 7176/01
MANITA NAZAIRE,
Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
This constitutes the decision and order of the court.

 Hon. Arthur M. Schack
 J.S.C.