■ JOHN MILNES CO., INC., Respondent, v. STATEN ISLAND BOARD OF JEWISH EDUCATION, INC., Appellant.— In an action to recover a balance allegedly due for work, labor and services performed and materials furnished, on a cost plus basis pursuant to contract, defendant appeals as follows from three orders of the Supreme Court, Richmond County: (1) as limited by appellant's brief, from so much of an order entered August 21, 1964, as (a) denied defendant's cross motion for summary judgment on its third defense (that plaintiff split its cause of action), (b) denied defendant's cross motion to strike the case from the calendar, on condition that plaintiff serve a bill of particulars and (c) granted plaintiff's motion to strike out defendant's answer unless a designated individual, Abe Solor, be produced for pretrial examination of defendant; (2) from so much of an order entered December 8, 1964, upon reargument, as adhered to the above-mentioned provisions of the August 21, 1964 order; and (3) from another order entered December 8, 1964, which denied its motion to preclude plaintiff from offering evidence as to matters set forth in defendant's demand for a bill of particulars. Appeal from order entered August 21, 1964 dismissed, without costs; that order, insofar as appealed from, was superseded by the December 8, 1964 order granting reargument. Order entered December 8, 1964, upon reargument, insofar as it adhered to the prior decision and order entered August 21, 1964, modified as follows: (1) by striking out so much of its second decretal paragraph as adhered to the second decretal paragraph of the order entered August 21, 1964, conditionally granting plaintiff's motion to strike out defendant's answer and (2) by substituting therefor a provision denying said motion to strike out defendant's answer and directing that defendant's pretrial examination shall be had by examining such officer, agent or employee of defendant as may have knowledge with respect to the relevant and material allegations of fact put in issue by the pleadings. As so modified, order affirmed insofar as appealed from, without costs. The examination shall proceed as provided in the order of August 21, 1964 on 10 days' written notice or at such other time and place as may be mutually fixed by written stipulation between the parties. In our opinion, Abe Solor, the former chairman of defendant's building committee, was not such officer, agent or employee of defendant at the time of the examination as to entitle plaintiff to examine defendant as an adverse party through said individual (*McGowan v. Eastman,* 271 N. Y. 195). It is also our opinion that the institution of the separate actions, one on the promissory note and the instant one on the claim for the balance due under the contract, did not violate the rule against the splitting of a claim (*Secor v. Sturgis,* 16 N. Y. 548). Second above-mentioned order of December 8, 1964 modified by (1) deleting from its decretal paragraph (denying the motion to preclude) the words "in all respects"; and (2) adding after the word "denied" therein the following: "with leave to renew if plaintiff fails to serve a verified bill of particulars, in compliance with item 1 of defendant's demand, limited to the items contained in plaintiff's statement of

May 29, 1959." As so modified, order affirmed, without costs. The time to serve such bill of particulars is extended until 30 days after entry of the order hereon. In our opinion, plaintiff should be relieved of the oppressive burden of furnishing documentary proof with respect to items reflected in statements prior to May 29, 1959. Implicit in the payments by defendant for the items reflected in the prior statements is the receipt by defendant's representative of the documentary proof required by the contract, the same documentation, etc., which is now again requested in defendant's demand for particulars (cf. *R. K. Corbin Inc., v. Levine,* 286 App. Div. 805). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.