MALAN CONSTRUCTION CORP., Now Known as UNICON MANAGEMENT CORP., and BUCKLEY & COMPANY, INC., a Joint Venture Known as MALAN-BUCKLEY, Respondents, v. ALLIS-CHALMERS MANUFACTURING COMPANY, Appellant.—

Concur — Capozzoli, J. P., McGivern and McNally, JJ.; Nunez and Tilzer, JJ., dissent in part in the following memorandum by Nunez, J.: I dissent in part to the extent of voting to affirm the vacatur of the demand for a bill of particulars. In my view Special Term properly held that the remedy is not successive pruning by the court of the demand for a bill of particulars by eliminating some items and portions of others, but a vacatur of the demand. The complaint is reproduced in 8 pages of the record on appeal. On the other hand, the demand takes up 23 pages of the record on appeal. In *Winterstein* v. *Mauntner* (84 App. Div. 962) this court said: "It appears that the defendants are entitled to a bill of particulars but plaintiff objects to the demand upon the ground it casts an unreasonable burden upon her to comply therewith. The demand consists of fifty-nine separately numbered paragraphs containing over two hundred items. [Compared to 33 separately numbered paragraphs and about 150 separate items.] We recognize that the complaint is lengthy but this does not justify the meticulous and unnecessarily repetitious demand served herein. We have heretofore held that such a demand should be denied in its entirety as it constitutes an abuse of the right to a bill of particulars. [Citing cases.] Order unanimously reversed and the demand vacated in its entirety". In *Carroad* v. *Regensburg* (17 A D 2d 734) this court modified Special Term's order which granted in part and denied in part plaintiff's motion to modify defendants' demand for a bill of particulars and unanimously vacated the demand in its entirety with costs and stated: "The demand herein, in the light of the complaint and the recognized limitations as to particulars in such actions, seems to us unreasonable, oppressive, and an abuse of the right to a bill of particulars. The remedy, under the circumstances, is not successive prunings of the demand by Special Term and this court by eliminating some items and portions of others, but rather a vacatur of the entire demand [citing cases]". The demand calls in one instance on the plaintiff to set forth every single term and provision of a public document, other items demand names of witnesses, evidence and details of general damages, legal interpretations or details of facts not alleged in the complaint. I agree with Special Term that "Defendant is seeking an oppressive volume of detailed, minute and petty particulars, many of which are unnecessary in the proper preparation of the case", and we should not undermine Special Term's discretion in these matters.