■ SHELDON H. SOLOW, Doing Business as SOLOW BUILDING COMPANY, Appellant, v AVON PRODUCTS, INC., Respondent.—Order, Supreme Court, Appellate Term, entered June 21, 1976, modifying a judgment of the Civil Court of the City of New York, entered September 26, 1975, dismissing the petition, by adding a provision that dismissal was without prejudice to either party to add the subject claim to an arbitration proceeding then pending, and otherwise affirming, modified, on the law and the facts, without costs and disbursements, to delete the provision regarding arbitration, and otherwise affirmed. The dispute between the parties that was the subject of arbitration was settled prior to the hearing of the appeal by the Appellate Term and hence there was no pending arbitration to which this claim could be added. In 1970, by written lease, the petitioner-landlord-appellant rented 25 floors of an office building then under construction to the respondent-tenant-respondent. The cost of extra work, to be computed by a formula specified in the lease, was billable to the tenant as additional rent. The tenant paid extra work bills of nearly $7,000,000 and when the work was finally completed a final bill was sent to the tenant of which the tenant disputed $284,433.98. (The formula by which the landlord arrived at the dollar amounts of all of these bills he now seeks to disavow as contrary to the terms of the lease.) By petition dated November 27, 1974, the landlord brought a dispossess proceeding seeking $284,433.98 in additional rent. Both parties ultimately acquiesced in submitting that claim to arbitration, the arbitration proceeding that was resolved prior to the order of the Appellate Term in this proceeding. On August 22, 1975, the landlord, after submitting a bill the tenant would not pay, commenced this dispossess proceeding to recover $131,574.14 in additional rent for extra work. This amount was an additional sum the landlord had arrived at for the same extra work that was the subject of the first proceeding, only this time he had used the formula for dollar amount computation set forth in the lease. At the trial it was adduced that the landlord's attorney had been of the opinion that the formula in the lease for calculating the additional rent chargeable for extra work was being misapplied by the landlord's contractor in its interim billings to the tenant; that both the landlord and the contractor were apprised of this miscomputation as long ago as 1971, but they decided to forego recalculation until final billing. Even then, the contractor applied the formula it had been using throughout to prepare the bill of $284,433.98 after all work had been completed. While we find that the Civil Court was incorrect in concluding that it was the intention of the lease that the tenant should be billed by the formula resulting in the $284,433.98 bill, we agree with its decision to dismiss the second dispossess proceeding, but for a

different reason. Claims for damages spawned by the same liability on the same contract, and ascertainable at the time an action is commenced, must be demanded, if at all, in that action *(Becker v New Penn Development Corp.,* 271 App Div 280, affd 297 NY 497; *Secor v Sturgis,* 16 NY 548). Thus, an action for rent not encompassing all installments which are in default bars a later claim for recovery of those installments *(Kennedy v City of New York,* 196 NY 19; 34 NY Jur, Landlord and Tenant, § 323). The landlord's billing that resulted in the first dispossess proceeding was for the same extra work for which he now seeks additional rent in this proceeding; the only difference in the two proceedings is the amount of the bills. The landlord's effort to escape the principle that a cause of action may not be split by contending that he was unaware of his contractor's continued billing error is discredited by the evidence that both he and the contractor were told of the error in 1971. Thus both knew of the claim for additional rent long before the first proceeding was commenced and, even had the landlord requested that the contractor correct the billing computation and was unaware that it was not being done, the law imputes such awareness where the duty of billing is charged by the principal to his agent *(Corrigan v Bobbs-Merrill Co.,* 228 NY 58). The landlord contends that, under the terms of the lease, the tenant was required to make prompt payment of all bills for extra work when they were submitted, that it could question a bill only when it was paid by serving a notice of that intention and that the mandated process for questioning was arbitration. Thus, argues the landlord, the tenant had no right to arbitrate since it had not paid the $131,574.14 bill, the landlord himself had no right to arbitrate and did not seek it and consequently his petition should have been granted. There are two fallacies in this reasoning. First, by the terms of the lease, the tenant's duty to pay first and question later runs through to "the presentation of landlord's last or final bill for net value of extra work". Therefore, the requirement of payment before arbitration demand exhausted itself when the work was finally completed and the landlord submitted a bill for that work in the amount of $284,433.98, which bill ultimately went to arbitration. Second, the lease does not limit arbitration to the tenant and then only after it has paid. It directs arbitration for any dispute between the parties arising out of amounts claimed owed for extra work. Since it was mandated upon the landlord, by electing to sue he waived his right to arbitrate *(Matter of Cooper Hats [Kadis],* 285 App Div 937, affd 309 NY 705; *Malan Constr. Corp. v Allis-Chalmers Mfg. Co.,* 35 AD2d 788). Concur—Stevens, P. J., Capozzoli, Markewich and Lynch, JJ. Murphy, J., dissents in the following memorandum: Sheldon Solow brought this nonpayment proceeding for additional rent due from Avon Products, Inc., for extra work performed under the parties' lease. Paragraph B-3 of part 4 of the lease provides the following formula for calculating the cost of extra work: "Tenant shall pay Landlord, promptly upon being billed therefor, the actual cost of the Extra Work so performed plus 21% for overhead and supervision (the Value) less any applicable allowance or credits provided for in Part III or this Part." The afore-mentioned paragraph (B-3) also provided that the net amount of extra work would be treated as additional rent under the lease. Under paragraph D-1 of part 4, a procedure is set forth whereby Avon could recoup overpayments made to Solow or receive appropriate credit therefor. Paragraph D-3 of part 4 provides for arbitration of disputes with regard to the proper amount of the bills rendered by Solow. When the foregoing paragraphs are read in concert, it is clear that the parties intended that Avon first pay the bills submitted by Solow for extra work

and then recover any overpayments at arbitration, if a particular dispute could not be otherwise adjusted amicably. Of course, there must be a demonstrable indication that Solow rendered the bills for the extra work in good faith. In this proceeding, Solow's claim for additional rent of $131,574.14 is based upon its construction of the extra work formula in paragraph B-3 of part 4 of the lease. Since there is a reasonable basis for Solow's construction of the formula, good faith must be found to be present upon its rendition of the underlying bill for $131,574.14. The petition should have been granted without prejudice to Avon's right to proceed to arbitration to recover any overpayment on its part. At arbitration, Avon should be permitted to show that its interpretation of the extra work formula is the correct one and that its interpretation has been given a practical application by the parties over a period of years. In that second arbitration, Avon should also be given the opportunity to demonstrate that Solow's claim in this proceeding is barred by the final award in the first arbitration proceeding between these same parties. Parenthetically, comment should be made upon Avon's second affirmative defense that Solow had split its cause of action. Essentially, Avon pleaded that the claim for additional rent in this proceeding existed and should have been brought in the 1974 nonpayment proceeding between these parties. Avon alleged that Solow, by failing to assert the present claim in the prior proceeding, relinquished its right to make claim therefor. At the outset, it should be noted that this record does not contain a copy of the pleadings in the 1974 nonpayment proceeding. Thus, it is impossible to ascertain whether the underlying claims in the two nonpayment proceedings are the same or different. Furthermore, it should be emphasized that, in this record, reference is made but twice to the 1974 proceeding. On pages 30 and 31 of the record, in response to a question of the lower court, Avon's attorney indicated that some of the claims in the two proceedings were the same and some were different. Counsel's statement in this regard was part of his extended argument and was of no probative value. On page 246 of the record, the draftsman of the lease, one Paul Landsman, testified that the claim in this proceeding was not made in the prior proceeding. In light of the fact that Avon did not adduce one iota of proof in support of its second affirmative defense, that defense must be completely discounted.