■ MURRAY, HOLLANDER, SULLIVAN & BASS, Appellant-Respondent, v HEM RESEARCH, INC. et al., Respondents-Appellants. — Order of the Supreme Court, New York County (Greenfield, J.), entered March 13, 1984, which granted defendants' motion to dismiss the complaint, is reversed, on the law, and the motion to dismiss is denied, with costs and disbursements payable to plaintiff.

HEM Research, Inc. is a corporation organized under the laws of Maryland with its principal place of business in Maryland. It is the sole general partner of the Maryland limited partnership, HEM Associates, also headquartered in Maryland. They are involved in the business of furnishing laboratory services and conducting medical research, particularly in the development of interferon.

HEM retained plaintiff New York law firm to do certain legal work in March 1980. Plaintiff's partner, Geoffrey Bass, was a director and officer of HEM Research, Inc. Plaintiff's October 1981 bill for services rendered between April 1 and September 30, 1981, amounting to $14,404, was not paid. HEM Research,

Inc. executed an interest-bearing promissory note dated December 10, 1981 in that amount, due June 10, 1982. Defendant paid interest thereon monthly and plaintiff continued to render legal services. The principal amount of the note was not paid when due. Defendants also did not pay plaintiff's bill for $14,768 for services performed between October 1, 1981 through December 31, 1981, or plaintiff's bill for $39,779 for services performed between January 1 and July 1, 1982.

In November 1982, plaintiff law firm commenced an action against HEM Research, Inc. in New York Federal District Court (Southern District) seeking only recovery on said defendants' promissory note (representing April 1 through September 30, 1981 services). In November of 1982, plaintiff law firm later commenced this action in the Supreme Court, New York County, asserting seven causes of action, all basically for the later October 1, 1981 through July 1, 1982 services (two causes of action each for breach of contract, quantum meruit and account stated and a seventh cause of action for fraud in defendants deceiving plaintiff as to their intent to pay for further services by certain actions between November 1981 through June 1982).

In December 1982, in both the Federal action and this State court action, the defendant parties moved to dismiss for lack of personal jurisdiction on the basis that the claims had no nexus to New York because the defendant parties did business only in Maryland. Defendants' motion to dismiss the State court action also invoked CPLR 3211 (a) (4), (7) on the ground that, given the prior Federal action, plaintiff was improperly splitting its unitary cause of action.

In opposition to this motion, plaintiff's partner and defendant HEM Research, Inc.'s director and officer, Geoffrey Bass, asserted that defendants had transacted business in New York related to these causes of action as plaintiff law firm had been retained by Frederick Johnson, vice-president of HEM Research, Inc., at a March 6, 1980 meeting in New York; that Bass had repeatedly spoken by telephone to the president of HEM Research, Inc., Paul Came, at Came's New York weekend home in Loudonville, New York; that Bass and president Came met in New York City on December 22, 1981 and January 8, 1982 to negotiate payment of the April through September 1981 services (the subject of the Federal action), which was essential to plaintiff's continued representation of defendants (and furnishes the basis for this action) with Came in the Federal action, admitting that these meetings related to the October 1981 through June 1982 services which were the crux of this action.

Further, Bass asserted that there had been seven other specified meetings in New York City between October 1, 1981 and May 1982 with president Came, concerning plaintiff's representation of HEM's business interests. As to the splitting a cause of action contention, Bass argued that the Federal claim concerned services rendered during a different period and presented a different theory, the promissory note not being involved herein.

In reply, defendants' attorney submitted the papers on the Federal action motion to dismiss, including president Came's affidavit. Therein it was asserted that there had been no negotiation in New York of the promissory note, but rather that Bass had enticed him to stop off in plaintiff's office to "ceremonially" sign the promissory note while Came was en route between Maryland and his New York weekend home. Came also maintained that plaintiff's representation had been unsatisfactory as it had caused a routine securities offering in Illinois to be rescinded, costing HEM $250,000. Further, it was maintained that plaintiff's bills had been "loaded up".

Special Term granted defendants' motion to dismiss pursuant to CPLR 3211 (a) (8) on grounds of lack of personal jurisdiction, without mentioning the splitting of a cause of action theory at all.

It appears that the Federal District Court rejected defendant HEM Research, Inc.'s motion to dismiss the Federal action on lack of personal jurisdiction grounds, found that defendant transacted business in New York and that plaintiff obtained summary judgment in that action in August 1983.

The nisi prius court's decision is not consistent with the Federal court's decision. Moreover, it is not supported by the facts. Plaintiff law firm did not rely either on its acts as attorney-agent for defendants or on Bass' actions as director-officer of HEM Research, Inc. to assert jurisdiction over defendants, but rather expressly relied on defendants' own actions in New York, through their president and vice-president, related to the performance of services, as a basis for asserting long-arm jurisdiction over them pursuant to CPLR 302.

Defendants have not denied plaintiff was retained in New York, that Came had met with Bass in New York, and admitted that the note dated December 10, 1981, clearly designed to assure plaintiff's continued representation of the defendant, was executed here. Plaintiff's retention in New York alone is probably sufficient to assert jurisdiction over defendant (*Hi Fashion Wigs v Hammond Adv.*, 32 NY2d 583; *Reiner & Co. v Schwartz*, 41 NY2d 648).

While the mere execution of the related note document might not be sufficient to assert long-arm jurisdiction over defendants (*Presidential Realty Corp. v Michael Sq. W.,* 44 NY2d 672), there were, in fact, additional negotiations regarding such document, creating at least an issue of fact and requiring at least an interim denial of the motion. Further, the December 22, 1981 and January 8, 1982 meetings, asserted to have been held to resolve the prior fee dispute and to assure plaintiff's continued representation of defendants, appear to form a far more substantive nexus to this transaction than the minimal efforts in New York of low-level employees to resolve the dispute arising outside of New York in *McKee Elec. Co. v Rauland-Borg Corp.* (20 NY2d 377), where such low-level meeting was found to be insufficient to base long-arm jurisdiction.

Defendants also assert that plaintiff's bills are for time spent by Bass in rendering services as director and officer of HEM Research and, thus, defendants' retention in New York of plaintiff law firm as their attorneys is unrelated to the key issue in dispute — whether there was an agreement to compensate Bass as director and officer at his hourly rate as an attorney *through* the firm's billing.

However, defendants failed to deny plaintiff law firm performed at least some legal work in the time frame relevant to this action, October 1, 1981 through July 1, 1982, and there is no basis in the record to support defendants' present claim that the entire amount in dispute arises from Bass' billings for services rendered as director of HEM Research.

Defendants have filed a notice of cross appeal from the court's failure to accept their splitting of a cause of action theory. The cross appeal is improper as defendants, having obtained complete dismissal of the action, are not aggrieved by the order. (*Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539). However, they may properly raise the argument as an alternative basis for affirmance of the order which dismissed the complaint. Nonetheless, the argument has little merit. The prerequisites for invoking the doctrine against splitting a cause of action are a claim for the same liability on the same contract, ascertainable at the time the action was commenced, which must then be brought in a single action (*Solow v Avon Prods.,* 56 AD2d 785, *affd* 44 NY2d 711). The narrow doctrine most frequently invoked in landlord-tenant cases seeking back rent and attorney's fees (*Maloney v McMillan Book Co.,* 52 Misc 2d 1006, *affd* 27 AD2d 645; *Roth & Sons v National Kinney Corp.,* 44 NY2d 912) does not apply where the claimed liabilities arise from different sources, instruments or agreements (*see, Secor v Sturgis,* 16 NY

548). Here, not only may the Federal action involve proof of different services than this action, but the Federal action may be (and apparently has been) sustained solely on the basis of nonpayment of the promissory note, not at all involved or presented herein, so that the doctrine has no application (*see, Milnes Co. v Staten Is. Bd. of Jewish Educ.,* 26 AD2d 831). Further, it should be noted that HEM Associates is not even a party to the Federal action, as it was not a party to the promissory note. Concur — Kupferman, J. P., Sullivan, Asch, Kassal and Ellerin, JJ.