■ AMAR JIT SINGH, Appellant, v SOLOMON KALISH et al., Respondents, et al., Defendants.—In an action, *inter alia,* to recover damages resulting from the termination of the plaintiff's employment at Baptist Medical Center of New York, the plaintiff appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Kings County (Golden, J.), dated December 22, 1987, as, *inter alia,* granted the motion of the defendants Sirota, Sorgenti, Dichter and Larkins for an order of preclusion unless the plaintiff served a bill of particulars responsive to items numbered 2 through 49 of the demands for bills of particulars served by those defendants, denied those branches of his cross motion which were for summary judgment striking the second, fourth, and fifth affirmative defenses in the answers of the defendants Sirota, Sorgenti, Dichter and Larkins, directed a hearing as to the first affirmative defense in the answers of the defendants Sirota, Sorgenti and Larkins on the propriety of service of process on them, and, in effect, denied that branch of the plaintiff's cross motion which was for leave to enter a default judgment against the defendant Key, and (2) from an order of the same court (Vaccaro, J.), dated December 23, 1987, which granted the defendant Solomon Kalish's motion, pursuant to CPLR 3211 (a) (4) to dismiss this action as against him, and denied the plaintiff's cross motion to consolidate this action with an action also entitled *Singh v Kalish* brought under Kings County index No. 4601/87.

Ordered that the appeal from so much of the order dated December 22, 1987, as directed a hearing on the propriety of service of process on the defendants Sorgenti, Sirota and

Larkins is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated December 22, 1987, is otherwise modified, on the law, by (1) deleting from the second decretal paragraph thereof the provision denying those branches of the plaintiff's cross motion which were for summary judgment striking the fourth and fifth affirmative defenses asserted in the answers of the defendants Sirota, Sorgenti, Dichter and Larkins and substituting therefor a provision granting those branches of the plaintiff's cross motion, (2) deleting from the third decretal paragraph the words "and WINCHESTER KEY", and (3) adding to the fifth decretal paragraph after the word "Wiltshire", the following words, "and Winchester Key"; as so modified, the order dated December 22, 1987, is affirmed insofar as reviewed without costs or disbursements; and it is further,

Ordered that the order dated December 23, 1987, is modified, as a matter of discretion in the interest of justice, by (1) deleting the first decretal paragraph thereof and substituting therefor a provision granting the defendant Solomon Kalish's motion only to the extent of dismissing the first, second, third, fourth, fifth, sixth and seventh causes of action asserted in the complaint as against him and otherwise denying the motion, and (2) deleting the second decretal paragraph and substituting therefor a provision granting the plaintiff's motion to consolidate the instant action with the action filed under Kings County index No. 4601/87; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the defendant Kalish's time to serve an answer to the eighth and ninth causes of action asserted against him in the complaint filed in the instant action is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

On or about June 4, 1987, the plaintiff Dr. Amar Jit Singh, the former medical director of Baptist Medical Center of New York, commenced the instant action for monetary, declaratory and equitable relief as against, *inter alia,* Solomon Kalish, the executive director of the hospital, and various staff physicians and administrators at the facility. In the complaint, which consisted of 118 paragraphs, and asserted nine causes of action including, but not limited to, procuring a breach of contract, tortious interference with business relations, libel, slander, assault and battery, it was alleged, in relevant part, that the defendants had conspired among themselves to si-

lence the plaintiff's criticism of Kalish and a staff physician by destroying the plaintiff's professional reputation, pursuing false disciplinary charges against him and ousting him from his hospital position.

In their verified answers, the defendants Dr. Sheldon Sirota, Dr. Robert Sorgenti, Dr. Paul Dichter and Dr. Robert Larkins, denied the material allegations of the complaint and asserted five affirmative defenses: (1) lack of personal jurisdiction, (2) the Statute of Frauds, (3) failure to state a cause of action, (4) failure to state a cause of action pursuant to Public Health Law § 230 (8), and (5) failure to state a cause of action pursuant to Education Law § 6527 (3) and (5). Further, the defendants Sirota, Sorgenti and Larkins served identical demands for a bill of particulars consisting of 49 items. The plaintiff's only response to these demands was in the form of an informal correspondence, which rejected the demands as "palpably improper". Thereafter, the defendant Dichter served an identical demand for a bill of particulars.

Consequently, the defendants Sirota, Sorgenti, Dichter and Larkins moved pursuant to CPLR 3042 (c), for an order of preclusion. The plaintiff cross-moved, *inter alia,* to vacate those demands for a bill of particulars, for summary judgment striking the five affirmative defenses in the answers of the defendants Sirota, Sorgenti, Dichter and Larkins, and for leave to enter a default judgment pursuant to CPLR 3215 (a), against the defendant Winchester Key.

In addition, the defendant Solomon Kalish brought a preanswer motion to dismiss pursuant to CPLR 3211 (a) (4), on the ground that there was another action pending between the plaintiff and himself which had been commenced on or about February 25, 1987, and filed under index No. 4601/87. The plaintiff then cross-moved pursuant to CPLR 602 (a) to consolidate the two actions between the parties.

By its order dated December 22, 1987, the Supreme Court, *inter alia,* (1) granted the motion of the defendants Sirota, Sorgenti, Dichter and Larkins for an order of preclusion unless the plaintiff served responses to all the demands except the item numbered 1, within 90 days of the service upon him of a copy of the order, (2) denied those branches of the plaintiff's cross motion which were for summary judgment striking the second, fourth and fifth affirmative defenses from the answers of the defendants Sirota, Sorgenti, Dichter and Larkins, (3) directed that a hearing be conducted as to the first affirmative defense in the answers of the defendants Sirota, Sorgenti and Larkins regarding the propriety of service

of process on them, and (4) in effect, denied that branch of the plaintiff's cross motion which was for leave to enter a default judgment as against the defendant Winchester Key.

In a further order dated December 23, 1987, the Supreme Court granted the defendant Kalish's motion to dismiss the instant action against him and denied the plaintiff's cross motion for consolidation.

We find unconvincing the plaintiff's contention that the demands for bills of particulars by the defendants Sirota, Sorgenti, Dichter and Larkins are palpably improper. Although the demands for a bill of particulars are undoubtedly lengthy, the length of a demand for a bill of particulars does not in and of itself make the demand oppressive or unreasonably burdensome. This is especially so where, as here, the original complaint contains close to 100 allegations of wrongdoing on the part of the defendants *(see, Malan Constr. Corp. v Allis-Chalmers Mfg. Co.,* 35 AD2d 788). Accordingly, the Supreme Court properly denied that branch of the plaintiff's cross motion which was to strike the demands for a bill of particulars served by the defendants Sirota, Sorgenti, Dichter and Larkins. We further note that the plaintiff has served the bills of particulars.

As to the issue of affirmative defenses, we note that it is well settled that "[a]n order directing a judicial hearing to aid in the disposition of a motion does not decide the motion and does not affect a substantial right (CPLR 5701, subd [a], par 2, cl [v]), and is, therefore, not appealable as of right" *(Astuto v New York Univ. Med. Center,* 97 AD2d 805, 806). Therefore, the appeal from that part of the order dated December 22, 1987 which directed a hearing on the issue of the propriety of service of process on the defendants Sirota, Sorgenti and Larkins to aid in the disposition of that branch of the plaintiff's cross motion which was for summary judgment striking the first affirmative defense in those defendants' answers is dismissed.

As to the second affirmative defense, we find that the Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment striking that affirmative defense since the plaintiff failed to set forth sufficient facts warranting that relief as a matter of law.

However, the Supreme Court erred by failing to grant those branches of the plaintiff's cross motion which were for summary judgment striking the fourth and fifth affirmative defenses in the answers of the defendants Sirota, Sorgenti, Dichter

and Larkins. As we have repeatedly held and as is conceded by those defendants in opposition to the plaintiff's cross motion, " '[a] defense that a complaint does not state a cause of action cannot be interposed in an answer' " *(Bentivegna v Meenan Oil Co.,* 126 AD2d 506, 508). However, the dismissal of these affirmative defenses is not on the merits and such claims may be raised by an appropriate motion *(see,* CPLR 3211 [a] [7]; 3212).

Further, the Supreme Court erred by, in effect, denying that branch of the plaintiff's cross motion which was for leave to enter a default judgment against the defendant Winchester Key. A default judgment pursuant to CPLR 3215 is appropriate where, as here, there is uncontradicted evidence that a defendant, who has failed to appear or to submit an answer, was properly served with process.

Finally, the Supreme Court erred in granting the defendant Kalish's motion to dismiss the instant action as against him. Although the two actions commenced against the defendant Kalish are substantially similar, they are not identical. Of significance, while the first seven causes of action in the second complaint are duplicative, the eighth and ninth causes are to recover damages for assault and battery, allegedly resulting from conduct which had occurred after the commencement of the first action. Under these circumstances, we choose to exercise our discretion by granting the defendant Kalish's motion for dismissal only to the extent of dismissing the first seven causes of action asserted against him and otherwise denying the motion and granting the plaintiff's cross motion for consolidation pursuant to CPLR 602 (a). Mangano, J. P., Brown, Lawrence and Eiber, JJ., concur.