SunGard Capital Corp. v New York State Dept. of Taxation & Fin. (2018 NY Slip Op 07539)





SunGard Capital Corp. v New York State Dept. of Taxation & Fin.


2018 NY Slip Op 07539


Decided on November 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2018

Friedman, J.P., Richter, Kahn, Oing, Moulton, JJ.


155042/15 7558 155041/15 7557

[*1]SunGard Capital Corp., Plaintiff-Appellant,
v
New York State Department of Taxation and Finance, Defendant-Respondent.
SunGard Capital Corp., Plaintiff-Appellant,
v
New York City Department of Finance, Defendant-Respondent.


Pillsbury Winthrop Shaw Pittman LLP, New York (Marc A. Simonetti of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York (Scott A. Eisman of counsel), for New York State Department of Taxation and Finance, respondent.
Zachary W. Carter, Corporation Counsel, New York (Amy H. Bassett of counsel), for New York City Department of Finance, respondent.



Orders, Supreme Court, New York County (Barry R. Ostrager, J.), entered December 19, 2016, which, inter alia, granted defendants' motions to renew, and, upon renewal, granted defendants' motions to dismiss the complaints, unanimously affirmed, without costs.
Having granted defendants' motions to dismiss on condition that defendants completed audits of plaintiff within a specified time, the court properly granted renewal of the motion, as defendants presented new facts pertaining to the progress of the audit since the issuance of the conditional order (see CPLR 2221[e]; see generally Kaszar v Cho, 160 AD3d 501 [1st Dept 2018]).
Defendants did not waive their argument as to ripeness by not appealing from the orders. They sought and were granted unconditional dismissal, and therefore were not aggrieved by the orders (see Murray, Hollander, Sullivan & Bass v HEM Research, 111 AD2d 63, 66 [1st Dept 1985]). Defendants' ripeness argument was properly raised as an additional ground for affirmance (see id.).
Given that defendants had not completed audits of plaintiff, and plaintiff had not been assessed any tax, these actions were not ripe and should have been dismissed for that reason (see Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 521 [1986], cert denied 479 US 985 [1986]). Nor did plaintiff face any direct or imminent harm from defendants (see Lorillard Tobacco Co. v Roth, 99 NY2d 316 [2003]).
Plaintiff admittedly failed to exhaust its administrative remedies, and does not fall within the exception to the exhaustion doctrine for constitutional challenges (see Matter of Schulz v State of New York, 86 NY2d 225, 232 [1995], cert denied 516 US 944 [1995]). In addition to the existence of factual issues (see id.), the complaint makes no mention of unconstitutionality (see Genger v Genger, 121 AD3d 270, 281 [1st Dept 2014]).
We decline to reach the merits of these actions for the additional reason that only defendants sought relief before the motion court. Plaintiff did not cross-move or seek relief. Given that there are factual issues to be determined, it would be inappropriate to afford plaintiff affirmative relief (see Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150 [2d Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 8, 2018
CLERK