Gorbatov v Tsirelman (2022 NY Slip Op 04011)

Gorbatov v Tsirelman

2022 NY Slip Op 04011

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-00080 
2019-04157
 (Index No. 507245/14)

[*1]Yevgeny Gorbatov, et al., appellants, 
v
Gary Tsirelman, etc., et al., respondents, et al., defendant.

William Pager, Brooklyn, NY, for appellants.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Christopher Russo of counsel), for respondents Gary Tsirelman and Law Office of Gary Tsirelman, P.C.
Van Leer & Greenberg, New York, NY (Howard B. Greenberg and Evan Van Leer-Greenberg of counsel), for respondent Leon Kucherovsky.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated December 4, 2018, and (2) an order of the same court (Lizette Colon, J.) dated March 5, 2019. The order dated December 4, 2018, insofar as appealed from, directed the plaintiffs to furnish certain discovery. The order dated March 5, 2019, granted those branches of the separate motions of the defendant Leon Kucherovsky and the defendants Gary Tsirelman and Law Office of Gary Tsirelman, P.C., which were pursuant to CPLR 3126 to strike the complaint.
ORDERED that the appeal from the order dated December 4, 2018, is dismissed, as that order is not appealable as of right, and leave to appeal has not been granted (see CPLR 5701); and it is further,
ORDERED that the order dated March 5, 2019, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
In 2014, the plaintiffs commenced this action against, among others, the defendant Leon Kucherovsky and the defendants Gary Tsirelman and Law Office of Gary Tsirelman, P.C. (hereinafter together the Tsirelman defendants, and collectively with Kucherovsky, the defendants), the plaintiffs' former attorneys, inter alia, to recover damages for legal malpractice and violation of Judiciary Law § 487. In August 2015, Kucherovsky served the plaintiffs with demands for a bill of particulars and discovery. In July 2016, the Tsirelman defendants also served the plaintiffs with demands for a bill of particulars and discovery. The plaintiffs failed to respond to the demands. Thereafter, pursuant to a stipulated preliminary conference order dated January 11, 2018 (hereinafter the January 2018 order), the plaintiffs were directed to respond to the defendants' demands by February 12, 2018. Although the plaintiffs consented to the January 2018 order, they did not respond to the defendants' demands. Thereafter, in a compliance conference order dated May 31, 2018 [*2](hereinafter the May 2018 order), the Supreme Court directed the plaintiffs to respond to the defendants' demands within 20 days. The plaintiffs did not do so.
Following expiration of the Supreme Court's deadline, Kucherovsky and the Tsirelman defendants separately moved pursuant to CPLR 3126 to strike the complaint or, in the alternative, to preclude the plaintiffs from providing evidence at trial responsive to the demands, due to the plaintiffs' failure to comply with the demands and the court orders. In opposition to the motions, the plaintiffs provided bills of particulars, objecting to almost every question as improper and/or seeking information in the exclusive possession of the defendants. They also contended that the documents sought were not in their possession at that time and served their own demand, for the first time, seeking copies of files and records they contended were in the defendants' possession. Thereafter, in an order dated December 4, 2018 (hereinafter the December 2018 order), the court directed the plaintiffs to respond to the defendants' demands by January 11, 2019. In response to the December 2018 order, the plaintiffs reiterated their general contentions and their objections to the demands, and submitted an affidavit of the plaintiff Yevgeny Gorbatov, who averred that he turned over all files and records to the defendants in or around 2007, and had not located any responsive documents, despite a search. The affidavit did not address any documents created or received after 2007 or offer any explanation as to why the plaintiffs had not previously served discovery requests for the documents they contended were in the defendants' possession. Thereafter, in an order dated March 5, 2019, the court granted those branches of the defendants' separate motions which were to strike the complaint. The plaintiffs appeal.
"Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed'" (Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019, quoting CPLR 3126). "If a party served with a demand for a bill of particulars willfully fails to provide particulars which the court finds ought to have been provided . . . , the court may make such final or conditional order with regard to the failure or refusal as is just, including such relief as is set forth in [CPLR 3126]" (CPLR 3042[d]). The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter within the discretion of the court (see Smookler v Dicerbo, 166 AD3d 838, 839). "The drastic remedy of striking a pleading is appropriate when there is a clear showing that the failure to comply with discovery demands or orders was willful and contumacious" (Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC, 194 AD3d 1021, 1022; see CPLR 3126[3]; Gafarova v Yale Realty, LLC, 174 AD3d 862, 863). Moreover, "[t]he willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders, and the absence of a reasonable excuse for these failures, or by the failure to comply with court-ordered discovery over an extended period of time" (Nationstar Mtge., LLC v Jackson, 192 AD3d 813, 815 [internal quotation marks omitted]; see Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC, 194 AD3d at 1022-1023).
Here, the Supreme Court providently exercised its discretion in granting those branches of the defendants' motions which were to strike the complaint upon finding, inter alia, that the plaintiffs' repeated disregard of the defendants' demands for discovery and bills of particulars, the plaintiffs' failure to provide responses to the demands despite having participated in discovery conferences wherein they stipulated to provide such responses, the plaintiffs' inadequate responses when they did respond, and the absence of an adequate excuse for these failures constituted willful and contumacious behavior (see Sparakis v Gozzer Corp., 177 AD3d 1011, 1012-1013; Williams v Suttle, 168 AD3d 792, 793-794).
Contrary to the plaintiffs' contention, the length of the demands for bills of particulars did not, in and of itself, make the demands oppressive or burdensome, especially in light of the length and generality of the complaint (see Singh v Kalish, 153 AD2d 621, 624; Malan Constr. Corp. v Allis-Chalmers Mfg. Co., 35 AD2d 788, 788-789). Further, to the extent that the defendants' demands sought amplification of the complaint, they were proper (see Singh v Kalish, 153 AD2d at 624; Malan Constr. Corp. v Allis-Chalmers Mfg. Co., 35 AD2d at 788-789).
The Supreme Court also properly rejected the plaintiffs' proffered justification that [*3]they could not respond to the defendants' demands without the defendants' production of the plaintiffs' files. Although this Court recognized in a prior determination of appeals in this action that certain facts essential for the plaintiffs to make more specific allegations were in the possession of the defendants (see Gorbatov v Tsirelman, 155 AD3d 836, 839), the plaintiffs failed to demand such discovery until September 2018—almost a year after this Court issued that determination and months after the defendants had filed their separate motions, inter alia, to strike the complaint. The plaintiffs' demand was made more than two years after the Tsirelman defendants' demands, more than three years after Kucherovsky's demands, and months after the issuance of the January 2018 and May 2018 orders directing compliance with the defendants' demands. Moreover, the plaintiffs never moved to compel the disclosure and did not provide the defendants with any documentary disclosure at all.
Under these circumstances, the Supreme Court providently exercised its discretion in granting those branches of the defendants' motions which were to strike the complaint (see Sparakis v Gozzer Corp., 177 AD3d at 1012-1013; Williams v Suttle, 168 AD3d at 793-794).
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court