Galarza v 25 Hope St. Assoc., LLC (2022 NY Slip Op 05993)

Galarza v 25 Hope St. Assoc., LLC

2022 NY Slip Op 05993

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2020-00833
 (Index No. 525024/17)

[*1]Edisson Sango Galarza, respondent,
v
25 Hope Street Associates, LLC, appellant, et al., defendant (and a third-party action).

Gallo Vitucci Klar LLP, New York, NY (Shanna R. Torgerson of counsel), for appellant.
Hecht, Kleeger & Damashek, P.C. (Ephrem J. Wertenteil, New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant 25 Hope Street Associates, LLC, appeals from an order of the Supreme Court, Kings County (Lizette Colon, J.), dated December 3, 2019. The order granted the plaintiff's motion pursuant to CPLR 3126 to strike the defendants' separate answers to the extent of precluding the defendants from testifying at trial or offering opposition to a motion for summary judgment.
ORDERED that the appeal from so much of the order as granted the plaintiff's motion pursuant to CPLR 3126 to strike the defendants' separate answers to the extent of precluding the defendant M & R Construction Group, Inc., from testifying at trial or offering opposition to a motion for summary judgment is dismissed, as the defendant 25 Hope Street Associates, LLC, is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In December 2017, the plaintiff commenced this action against 25 Hope Street Associates, LLC (hereinafter Hope Street), and another defendant, to recover damages for personal injuries the plaintiff allegedly sustained while performing construction work on property owned by Hope Street. The Supreme Court issued a preliminary conference order in June 2018, a compliance conference order in January 2019, and two final conference orders in April 2019 and July 2019, respectively, directing the plaintiff and the defendants to appear for depositions on certain dates. The plaintiff's deposition was conducted on August 6, 2019. Thereafter, the defendants' depositions were adjourned to November 13, 2019, but never took place.
The plaintiff moved pursuant to CPLR 3126 to strike the defendants' separate answers based on their failure to appear for court-ordered depositions. In support of the motion, the plaintiff's counsel asserted that the plaintiff had been ready to appear for depositions on the dates [*2]set forth in the compliance conference order and the final conference orders, as well as on November 13, 2019, but the defendants were not available or ready, and as a result, the defendants' depositions did not go forward on those dates. In an order dated December 3, 2019, the Supreme Court granted the plaintiff's motion to the extent of precluding the defendants from testifying at trial or offering opposition to a motion for summary judgment. Hope Street appeals.
"Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party 'refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed'" (Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019, quoting CPLR 3126; see Gorbatov v Tsirelman, 206 AD3d 887, 889). "The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter within the discretion of the court" (Gorbatov v Tsirelman, 206 AD3d at 889).
Here, contrary to Hope Street's contention, the record supports the conclusion that its conduct in failing to comply with the Supreme Court's repeated directives to appear for a deposition was willful and contumacious (see Nationstar Mtge., LLC v Jackson, 192 AD3d 813, 815; Moog v City of New York, 30 AD3d 490, 490-491; Pryzant v City of New York, 300 AD2d 383). In support of his motion, the plaintiff asserted that he was ready for depositions on the dates set forth in three of the court's orders, as well as a subsequent adjourned date, but the defendants were not available or ready on any of those dates. In opposition to the motion, Hope Street did not deny these allegations, nor did it offer any explanation or excuse for its failure to proceed with its deposition. The willful and contumacious character of Hope Street's actions can be inferred from its repeated failure to proceed with the deposition, in violation of three court orders, and the absence of any proffered excuse for that failure (see Nationstar Mtge., LLC v Jackson, 192 AD3d at 816; Carmona v HUB Props. Trust, 186 AD3d 1485, 1486; Bouri v Jackson, 177 AD3d 947, 949; Harris v City of New York, 117 AD3d 790, 791; Kryzhanovskaya v City of New York, 31 AD3d 717, 718).
Hope Street's contention that the plaintiff's motion should have been denied based on the plaintiff's alleged failure to file an affirmation of good faith was not raised in opposition to the motion. Since this contention is improperly raised for the first time on appeal, it is not properly before this Court (see Rosenbaum v Festinger, 151 AD3d 897).
Hope Street's remaining contention is without merit.
Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion to the extent of precluding Hope Street from testifying at trial or offering opposition to a motion for summary judgment.
IANNACCI, J.P., RIVERA, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court