Guenzburger v Fernandez (2023 NY Slip Op 04718)

Guenzburger v Fernandez

2023 NY Slip Op 04718

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Renwick, P.J., Moulton, Kennedy, Scarpulla, Higgitt, JJ. 

Index No. 25921/17 Appeal No. 619 Case No. 2023-01551 

[*1]Eli J. Guenzburger, Plaintiff-Respondent,
v
Elissa Fernandez, Defendant, Dwell Family Doctors, Formerly Known as Throggs Neck Urgent Care et al., Defendants-Appellants.

Vouté, Lohrfink, McAndrew, Meisner & Roberts, LLP, White Plains (Thomas E. Lamb II of counsel), for appellants.
Mead, Hecht, Conklin & Gallagher, LLP, White Plains (Elizabeth M. Hecht of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered September 6, 2022, which, insofar as appealed from, precluded defendants Dwell Family Doctors f/k/a Throggs Neck Urgent Care, Throggs Neck Walk-In Medical Care, P.C., and Vadim Davydov, D.O. from introducing employment records and rules and regulations at trial or in connection with a summary judgment motion, unanimously affirmed, without costs.
The motion court properly awarded preclusion as a discovery sanction. "[I]t is unnecessary to demonstrate willful and contumacious behavior in order to impose a sanction like a monetary sanction or preclusion, as opposed to a more drastic sanction such as the striking of a pleading" (Metropolitan Bridge & Scaffolds Corp. v New York City Hous. Auth., 168 AD3d 569, 572 [1st Dept 2019]; Vandashield Ltd. v Isaacson, 146 AD3d 552, 556 [1st Dept 2017]). It is undisputed that defendants never produced the subject employment records or rules or regulations, despite multiple compliance conference orders directing same. Moreover, if, as defendants contend, no such records are in their possession or control, then precluding them from introducing such records into evidence cannot prejudice them, as it would be impossible to introduce evidence that does not exist (cf. Corriel v Volkswagen of Am., 127 AD2d 729, 731 [2d Dept 1987] ["the plaintiff's failure to provide the information in his possession would preclude him from later offering proof regarding that information at a trial"]).
Defendants' argument that plaintiff's motion should have been denied for failure to file a sufficient affirmation of good faith was not made before the motion court and is thus not properly before this Court (see Galarza v 25 Hope St. Assoc., LLC, 209 AD3d 984, 986 [2d Dept 2022]; Rosenbaum v Festinger, 151 AD3d 897, 897 [2d Dept 2017]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023