| **Modeste v 606 W. 57 LLC** |
|:---:|
| 2024 NY Slip Op 30351(U) |
| January 30, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 518782/2018 |
| Judge: Francois A. Rivera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 52 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 30th day of January 2024

HONORABLE FRANCOIS A. RIVERA

----------------------------------------------------------------------X

JOSEPH MODESTE

               Plaintiff,

        -against-

606 WEST 57 LLC, TFC WEST 57 GC LLC, FOUR PLUS CORPORATION, GE 57TH STREET SOUTH HOLDINGS LLC, EE 57TH STREET SOUTH HOLDINGS LLC, FADLING II LLC, SWALLOW II, LLC, APPLEBY-SOUTH HOLDINGS, LLC, 606 WEST 57TH STREET (LlHTC) LLC,

               Defendants.

----------------------------------------------------------------------X

**DECISION & ORDER**

Index No.: 518782/2018

     Recitation in accordance with CPLR 2219 of the notice of motion filed by 606 West 57 LLC, TFC West 57 GC LLC, Four Plus Corporation, GE 57th Street South Holdings LLC, EE 57th Street South Holdings LLC, Fadling II LLC, Swallow II, LLC, Appleby-South Holdings, LLC, 606 West 57th Street (LlHTC) LLC (hereinafter the movants) on February 27, 2020, under motion sequence number one for an order: (1) pursuant to CPLR §§ 3126 (3) and 3042 (d) dismissing the verified complaint of Joseph Modeste (hereinafter the plaintiff); or, in the alternative, (2) pursuant to CPLR § 3126 (2), precluding plaintiff from offering evidence at trial against defendants; or, in the alternative, (3) pursuant to CPLR § 3124, compelling production of all outstanding discovery within ten (10) days and precluding any discovery not timely produced.

-Notice of motion
-Affirmation of good faith
     Exhibits A-F
-Affirmation in support

[* 1]

-Affirmation in opposition

**BACKGROUND**

On September 17, 2018, plaintiff commenced this negligence action by the filing of a summons and verified complaint.

On October 15, 2018, defendants EE 57th Street South Holdings LLC, GE 57th Street South Holdings LLC, 606 West 57 (LIHTC) LLC i/p/h as "606 West 57th street (LIHTC) LLC, Appelby-South Holdings, LLC i/p/h as "Appleby South LLC," and TFC West 57 GC LLC i/p/h as TFC West 57th GC LLC interposed and filed a verified answer.

On May 28, 2020, plaintiff filed a motion under sequence two seeking an extension of time to file the note of issue.

On July 14, 2020, plaintiff filed a motion under sequence three seeking leave to amend the verified complaint.

By order dated November 17, 2020, and filed on February 8, 2021, the Court granted plaintiff's motion filed: (1) under sequence number two for an order extending the time to file a note of issue, and (3) under sequence three, for an order pursuant to CPLR 3025(b) amending the verified complaint.

The order dated November 17, 2020, granted an extension of the date to file a note of issue to April 30, 2021. The order also granted leave to change the verified complaint. The caption of the amended complaint would now read as follows: 606 West 57 LLC,

[* 2]

TFC West 57 GC LLC, Four Plus Corporation, GE 57th Street South Holdings LLC, EE 57th Street South Holdings LLC, Fadling II LLC, Swallow II, LLC, Appleby-South Holdings, LLC, 606 West 57th Street (LlHTC) LLC.

On December 16, 2021, plaintiff filed a motion under sequence four seeking an order: (1) pursuant to CPLR 2004 extending the time to file the note of issue, and (2) pursuant to CPLR 3124 & 3126 compelling plaintiff to comply with the discovery schedule agreed to by the parties in the December 15, 2021's proposed stipulation by the new Note of Issue date of June 17, 2022; or, in (3) If the Court does not extend the Note of Issue deadline, directing the parties to conduct post-Note of Issue discovery according to the schedule delineated in the December 15, 2021's proposed stipulation.

By order dated January 11, 2022, the Court granted motion sequence number four and directed the following among other things. Plaintiff is to file the note of issue by November 11, 2022. The parties are to complete discovery pursuant to the Final Pre-note order on July 26, 2021. Plaintiff shall respond to defendants' post EBT demands dated July 6, 2021, on or before February 11, 2022. Defendants are to appear for EBTs on or before January 28, 2022. Plaintiff is to attend IME on or before March 11, 2022.

**LAW AND APPLICATION**

Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed (*Aha Sales, Inc. v. Creative Bath Prods. Inc.,* 110 A.D.3d 1019, 1019

[* 3]

[2nd 2013], quoting CPLR 3126; *see Gorbatov v. Tsirelman,* 206 A.D.3d 887, 889 [2nd 2022]).  The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter within the discretion of the court" (*Gorbatov v. Tsirelman,* 206 A.D.3d at 889.  To invoke the drastic remedy of preclusion, the court must determine that the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious (*Aha Sales, Inc. v. Creative Bath Products, Inc.,* 110 A.D.3d at 1019.  The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to comply with discovery demands or orders without a reasonable excuse (*Aha Sales, Inc. v. Creative Bath Products, Inc.,* 110 A.D.3d at 1019).

On February 27, 2020, the movants filed the instant motion under sequence number one seeking an order CPLR §§ 3126 (3) and 3042 (d) dismissing the verified complaint of Joseph Modeste or precluding him from offering evidence at trial against the movants.  In the alternative the movants sought an order pursuant to CPLR § 3124, compelling the plaintiff to produce all outstanding discovery within ten (10) days and precluding any discovery not timely produced.

There has been no court order deciding the movants' instant motion under motion sequence number one.  However, it is apparent from the motion that followed under motion sequence number two, three and four, and the decisions and orders that were issued deciding motions sequence number two, three and four, that motion sequence number one has been resolved and is rendered academic.  There is, therefore, no longer a need for a separate decision and order under motion sequence number one.

[* 4]

**CONCLUSION**

The instant motion by 606 West 57 LLC, TFC West 57 GC LLC, Four Plus Corporation, GE 57th Street South Holdings LLC, EE 57th Street South Holdings LLC, Fadling II LLC, Swallow II, LLC, Appleby-South Holdings, LLC, 606 West 57th Street (LlHTC) LLC seeking an order pursuant to CPLR §§ 3126 (3), 3042 (d) and CPLR CPLR § 3124 has been resolved and rendered academic by the decisions and orders issued on the motion filed under sequence number two, three and four.

The foregoing constitutes the decision and order of this Court.

ENTER:            _____x

*François A. Rivera*

J.S.C.

[* 5]