## Simply Funding LLC v Brannon Elec. LLC

2025 NY Slip Op 33699(U)

October 9, 2025

Supreme Court, Orange County

Docket Number: Index No. EF006028-2025

Judge: Maria S. Vazquez-Doles

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At a term of the IAS Part of the Supreme Court of the State of New York,
held in and for the County of Orange, at 285 Main Street,
Goshen, New York 10924 on the 8th day of October 2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------
SIMPLY FUNDING LLC,

|  |  |
|---|---|
|  | To commence the statutory time for appeals as of right (CPLR 5513 [a]), you are advised to serve a copy of this order, with notice of entry, on all parties. |

                                    Plaintiff,

            -AGAINST-                          **DECISION & ORDER**
                                               Index No. EF006028-2025

                                               Motion date: 9/5/25
                                               Motion Seq.# 1

BRANNON ELECTRIC LLC et al.,
                                               Motion date:  10/3/25
                    Defendants.                Motion Seq. #2
-------------------------------------------------------
**VAZQUEZ-DOLES, J.S.C.**

The following papers were read on Motion #1 of Plaintiff pursuant to CPLR 3211 to

dismiss affirmative defenses:

Notice of Motion#1/Affirmation/Memo of Law……………………….…..... 1-3

and on Motion #2 of Plaintiff pursuant to CPLR §3042, 3124 and 3126 to compel discovery and,

in the alternative, strike the Answer for failure to comply with the Preliminary Conference Order,

and for such and other further relief this Court deems just and proper:

Notice of Motion#2/Affirmations/Ex. A-I/Memo of Law………………..... 1-13

Plaintiff established on Seq. #1 a lack of factual support for all of the 20 affirmative defenses

pled by Defendants, without opposition.  Seq. #1 is GRANTED and the defenses are therefore

DISMISSED.

Plaintiff established on Seq. #2 a failure of Defendants to respond to all discovery

demands, in violation of the PC Order, without opposition.   Therefore the motion to compel

Page 1 of  5

[* 1]

responses is GRANTED and Defendants' Answer will be STRUCK if they fail to provide substantive responses within 30 days of this Order.

Plaintiff entered into an agreement on January 22, 2025 with Defendant Bannon Electric LLC to purchase $38,340 of its accounts receivable in exchange for an immediate payment of $27,000 ("the Agreement"). In the Agreement, Defendant Bannon LLC agreed that Plaintiff could transfer funds from a designated bank account once per week to obtain payment of a specified dollar amount that represents a percentage of the receivables of the company.

Once the parties executed the Agreement, Plaintiff began receiving transfers of funds weekly to pay the amounts owed to it. After some period, Plaintiff alleges that its attempt at an ACH transfer from the designated bank account was blocked by the bank of Defendant Bannon LCC. Defendant Bannon LLC allegedly ceased all further payments, at a time when they had repaid $19,170.05 of the $38,340 owed. It is for that shortfall totaling $21,669.95 that Plaintiff now seeks redress.

Plaintiff also entered into a guarantee contract with Defendant Michael Brannon ("the Guarantee"). The Guarantee provides that Mr. Bannon "guarantees to Buyer the Seller's prompt and complete performance" under the Agreement. Plaintiff alleges that Mr. Bannon has not paid on the Guarantee.

Plaintiff commenced this action by filing a Summons and Complaint on June 26, 2025. The Complaint alleges in Count One a breach and damages on the Agreement; in Count Two a breach and damages of the Guarantee; and in Count Three, attorney fees from all Defendants. Plaintiff served all Defendants by US Mail per the terms of the Agreement and the Guarantee. Defendants filed on June 30, 2025 via NYSCEF a joint Answer with 20 affirmative defenses.

On Seq. #1, Plaintiff moves to dismiss the affirmative defenses. Defendants filed no

opposition and the time to do so has expired. The defenses in the Answer are all boilerplate, form defenses with no facts pled. Some are blatantly frivolous. For example, the limitation period is six years for breach of contract. Plaintiff filed this action two weeks after the alleged breach, yet Defendants assert a statute of limitations defense and a laches defense.

Defendants also assert a defense that the Agreement is usurious. The Second Department has addressed this type of receivables purchase agreement and held them enforceable under certain conditions.

> To determine whether a transaction constitutes a usurious loan: The court must examine whether the plaintiff is absolutely entitled to repayment under all circumstances. Unless a principal sum advanced is repayable absolutely, the transaction is not a loan. Courts generally "weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy.

*True Business Funding LLC v Guerrero Construction Corp*., 239 AD3d 787 (2d Dept 2025) (citations omitted). Here, the Agreement is comprised of terms that the Second Department has held do not equate to a loan, which would otherwise subject it to usury laws that limit the permissible interest rate. The Agreement provides for reconciliation, is not for a finite term, and does not allow for any action by Plaintiff if Defendant Bannon LLC is in bankruptcy after signing the Agreement. The Agreement includes real downside risk for Plaintiff if the receivables decrease from a lack of customer purchases. The Agreement is therefore not a loan and the defense of an usurious interest rate is inapplicable.

None of the defenses plead facts to support them. Some are not even recognized defenses. For example, "Plaintiff is suing for the wrong amount" does not state a legal defense to a claim of breach of contract. For all these reasons, Seq. #1 is GRANTED and the affirmative defenses are DISMISSED.

In Seq. #2, Plaintiff seeks an order to compel or preclude due to the inadequate discovery responses of Defendants. Plaintiff's Demand for a Bill of Particulars was met with a series of objections and no responses. Defendants served the same blanket objections to all of the discovery demands. No data was produced. The demands seeks specific data related to the Agreement and Guarantee. The Court signed a Preliminary Conference Order on August 14, 2025.

A party aggrieved by the failure of another party to comply with discovery demands or orders concerning the demands can seek relief pursuant to CPLR 3124. The Court has discretion to impose discovery sanctions, including the striking of a pleading or the preclusion of evidence, where a party refuses to obey a discovery order or willfully fails to disclose information that ought to have been disclosed. CPLR 3126, *Galarza v. 25 Hope Street Assoc*., 209 AD3d 984 (2d Dept 2022). The nature and degree of the penalty lies within the sound discretion of the Court. Id.

"The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders, and the absence of a reasonable excuse for these failures, or by the failure to comply with court-ordered discovery over an extended period of time. " *Gorbatov v. Tsirelman,* 206 AD3d 887 (2d Dept. 2022). In *Gorbotov,* the Appellate Division upheld the drastic remedy of striking of pleadings for repeated disregard of the defendants' demands for discovery and bills of particulars, the plaintiffs' failure to provide responses to the demands despite having participated in discovery conferences wherein they stipulated to provide such responses, the plaintiffs' inadequate responses when they did respond, and the absence of an adequate excuse for these failures.

Plaintiff has followed the correct procedure to compel and seek alternative relief with the

instant motion. Defendants are in contempt of the PC Order. Defendants have 30 days from the date on this Order to provide substantive responses with all required data demanded. If Defendants do not provide adequate response in that time, the joint Answer will be STRUCK. The existence of Seq. #3, whereby counsel for Defendants seeks to withdraw, has no impact on this deadline. No stay was issued in conjunction with Seq. #3.

Upon the foregoing, it is hereby

**ORDERED** that the motion to dismiss all affirmative defenses is **GRANTED,** and is it further

**ORDERED** that the motion to compel or preclude is **GRANTED,** and it is further

**ORDERED** that Defendants will provide substantive responses to Plaintiff's demands with all required data within 30 days, and it is further,

**ORDERED** that in the event the Defendants do not comply with the 30 day deadline for responses, their joint Answer will be **STRUCK** without the necessity of any further motion.

This Decision constitutes the Order of this Court.

Dated: October 9, 2025
Goshen, New York

ENTER:

_____
HON. MARIA S. VAZQUEZ-DOLES, J.S.C.

Page 5 of 5